THE STATE OF OHIO, APPELLEE, *v.* DAVIS, APPELLANT.

[Cite as *State v. Davis,* 119 Ohio St.3d 422, 2008-Ohio-4608.]

(No. 2007–0325—Submitted November 28, 2007—Decided September 18, 2008.)

PFEIFER, J.

### Factual and Procedural Background

{¶ 1} On November 8, 2003, the appellant, Andre Davis, and Edmund Scott were involved in a confrontation outside of Checquers nightclub in Springdale, Ohio. Scott allegedly struck Davis over the head with a gun. Davis pulled a gun from his pocket and fired, as did others; Scott was hit with three bullets and died as a result of his injuries. Davis was indicted on one count of murder with specifications under R.C. 2903.02(A) and one count of having a weapon under disability under R.C. 2923.13(A)(3). A jury found Davis guilty of voluntary manslaughter and having weapons under disability.

{¶ 2} Appellant's trial counsel filed an appeal in the First District Court of Appeals. The court affirmed Davis's conviction and overruled counsel's four assignments of error on June 23, 2006. *State v. Davis,* Hamilton App. No. C–040665, 2006-Ohio-3171, 2006 WL 1716133. Davis then hired his present appellate counsel, who timely filed both an appeal to this court on August 7, 2006, and on September 14, 2006, an application for reopening the appeal pursuant to App.R. 26(B) in the appellate court. In his application for reopening, Davis claimed that he had been denied effective assistance of appellate counsel because his counsel had failed to include prosecutorial misconduct as a basis for the original appeal. In his memorandum in support of jurisdiction to this court, Davis also had included among his propositions of law an assertion of ineffective assistance of appellate counsel.

{¶ 3} On October 18, 2006, this court declined to accept Davis's discretionary appeal. *State v. Davis,* 111 Ohio St.3d 1434, 2006-Ohio-5351, 855 N.E.2d 498. On January 8, 2007, the appellate court overruled appellant's application to reopen. The court refused to address the merits of Davis's App.R. 26(B) claims, stating, "The appellant could have raised these matters in his appeal to the Ohio Supreme Court. And he does not now offer any reason why applying the doctrine of res

judicata to bar his claims would be unjust. The court, therefore, concludes that res judicata bars consideration of these claims upon the appellant's application to reopen his appeal." The court cited *State v. Murnahan* (1992), 63 Ohio St.3d 60, 66, 584 N.E.2d 1204, in support of its conclusion.

{¶ 4} The appellate court denied Davis's application for reconsideration on February 8, 2007. Davis then filed another appeal with this court on February 20, 2007. Davis's second proposition of law in his memorandum in support of jurisdiction was that the filing of a motion seeking a discretionary appeal in this court did not bar a merit ruling on a timely filed application to reopen an appeal under App.R. 26(B). We accepted the appeal on the basis of that proposition of law. *State v. Davis,* 113 Ohio St.3d 1466, 2007-Ohio-1722, 864 N.E.2d 652.

## Law and Analysis

{¶ 5} We hold that the filing of a motion seeking a discretionary appeal in this court does not create a bar to a merit ruling on a timely filed application to reopen an appeal claiming ineffective assistance of appellate counsel under App.R. 26(B).

### Murnahan and the Res Judicata Concern

{¶ 6} The court below cited this court's decision in *Murnahan* in concluding that the defendant's App.R. 26(B) motion was barred by res judicata. Res judicata is the " '[r]ule that a final judgment rendered by a court of competent jurisdiction on the merits is conclusive as to the rights of the parties and their privies, and, as to them, constitutes an absolute bar to a subsequent action involving the same claim, demand or cause of action.' " *Holzemer v. Urbanski* (1999), 86 Ohio St.3d 129, 132, 712 N.E.2d 713, quoting Black's Law Dictionary (6th Ed.1990) 1305. In the criminal law context, this court has held that issues that could have been raised on direct appeal and were not are res judicata and not subject to review in subsequent proceedings. *State v. Hutton,* 100 Ohio St.3d 176, 2003-Ohio-5607, 797 N.E.2d 948, ¶ 37; *State v. D'Ambrosio* (1995), 73 Ohio St.3d 141, 143, 652 N.E.2d 710.

{¶ 7} Certainly, res judicata was a concern of this court in *Murnahan.* However, it should be noted at the outset that this case is procedurally different from *Murnahan* and is therefore not subject to the same res judicata concerns. *Murnahan* involved a claim of ineffective assistance of appellate counsel raised after the time for direct appeal had elapsed; in this case, Davis filed a timely application to reopen within the dictates of App.R. 26(B).

{¶ 8} In *Murnahan,* this court sought to establish a procedure for addressing delayed claims of ineffective assistance of appellate counsel, reasoning that "claims of ineffective assistance of appellate counsel may be left undiscovered due to the inadequacy of appellate counsel or the inability of the defendant to identify

such errors within the time allotted for reconsideration in the court of appeals or appeal to this court * * *." *Murnahan*, 63 Ohio St.3d at 65–66, 584 N.E.2d 1204.

{¶ 9} This court recognized in *Murnahan* that res judicata could become a part of every delayed appeal in which a defendant claims ineffective assistance of appellate counsel, "since these [claims] could have been raised in an application for reconsideration in the court of appeals or a direct appeal to this court." *Murnahan*, 63 Ohio St.3d at 65, 584 N.E.2d 1204.

{¶ 10} However, despite those concerns, the court in *Murnahan* softened the effect that res judicata would have in a delayed appeal. In the absence of the yet-to-be-promulgated App.R. 26(B), *Murnahan* set forth a process for defendants to raise a delayed claim for ineffective assistance of appellate counsel. Notably, this court held that res judicata did not create an absolute bar to bringing a claim; where the application of res judicata would be unjust, the claim could proceed. Indeed, in the test set forth in *Murnahan*, the merit of the defendant's claim is at the forefront:

{¶ 11} "[I]n an individual case where a defendant has put forth a colorable claim of ineffective assistance of appellate counsel, where the circumstances render the application of *res judicata* unjust, and the time periods for reconsideration in courts of appeals and direct appeal to this court have expired, he or she must * * * apply for delayed reconsideration in the court of appeals * * *." *Murnahan*, 63 Ohio St.3d at 66, 584 N.E.2d 1204.

{¶ 12} Thus, in a case where the time for direct appeal had elapsed, *Murnahan* sought to balance a just application of res judicata against the merits of a defendant's claim of ineffective assistance of appellate counsel. *Murnahan* thus evinced a preference against purely procedural dismissals.

### App.R. 26(B)

{¶ 13} This case arises under App.R. 26(B), not *Murnahan*. To be sure, App.R. 26(B) emanates directly from *Murnahan*; this court in *Murnahan* noted that Ohio had "no statutory authority or court rules dedicated to the procedure to be followed by defendants who allege ineffective assistance of appellate counsel" and thus called upon the Rules Advisory Committee to review whether the appellate rules should be amended to address the situations of those defendants. *Murnahan*, 63 Ohio St.3d at 66, 584 N.E.2d 1204, fn. 6. In 1993, this court adopted App.R. 26(B), which established appellate courts as the venue in which defendants should bring delayed claims of ineffective assistance of appellate counsel.

{¶ 14} There are differences between the rule and *Murnahan*. Notably, App.R. 26(B), unlike *Murnahan*, does not require the time period for direct

appeal to this court to have expired before a defendant may apply for a reopening of an appeal:

{¶ 15} "A defendant in a criminal case may apply for reopening of the appeal from the judgment of conviction and sentence, based on a claim of ineffective assistance of appellate counsel. An application for reopening shall be filed in the court of appeals where the appeal was decided within ninety days from journalization of the appellate judgment unless the applicant shows good cause for filing at a later time." App.R. 26(B)(1).

{¶ 16} Davis filed his application for reopening within 90 days of the journalization of the appellate judgment, so he was not required to show "good cause for filing at a later time." Therefore, unlike the defendant in *Murnahan,* his was not a delayed appeal. Davis followed the rules.

{¶ 17} Because Davis filed his application within 90 days of journalization, the appellate court had no discretion as to whether it should consider the application. App.R. 26(B)(5) states that "[a]n application for reopening shall be granted if there is a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal." The appellate court's mandate in addressing a timely filed application for reopening is to determine whether that "genuine issue" exists.

{¶ 18} App.R. 26(B) provides the court the necessary evidentiary tools to make its determination. App.R. 26(B) presents the reviewing court the opportunity for a meaningful review of the record upon the application for the reopening of the appeal. An App.R. 26(B) application is required by the rule to have appended to it portions of the record and a "sworn statement of the basis for the claim that appellate counsel's representation was deficient," and an applicant may append other supplemental affidavits and other material. App.R. 26(B)(2)(d). Affidavits and other supplemental material are not only not required in a discretionary appeal to this court, they *cannot* be filed in support of a jurisdictional memorandum. S.Ct.Prac.R. III(1)(D). None of the trial record is to be sent to the Supreme Court unless and until it assumes jurisdiction and accepts the case for merit review. S.Ct.Prac.R. V(3)(A). Pursuant to App.R. 26(B)(8), the appellate court may even conduct an evidentiary hearing.

{¶ 19} For a defendant pursuing a claim for ineffective assistance of appellate counsel, App.R. 26(B) provides an appeal of a character different from a discretionary appeal:

{¶ 20} "The provisions of App.R. 26(B) were specifically designed to provide for a specialized type of postconviction process. The rule was designed to offer defendants a separate collateral opportunity to raise ineffective-appellate-counsel claims beyond the opportunities that exist through traditional motions for reconsideration and discretionary appeals to our court or the Supreme Court of the

United States." *Morgan v. Eads,* 104 Ohio St.3d 142, 2004-Ohio-6110, 818 N.E.2d 1157, ¶ 8.

{¶ 21} The clear intent of App.R. 26(B) is for the appellate court to function as the trier of fact in determining whether the defendant has demonstrated a genuine issue as to the ineffectiveness of his appellate counsel. This court's Rules of Practice recognize the appellate court's role in App.R. 26(B) matters, allowing the lower courts to consider App.R. 26(B) applications even after an appeal to this court is perfected:

{¶ 22} "After an appeal is perfected from a court of appeals to the Supreme Court, the court of appeals is divested of jurisdiction, except to take action in aid of the appeal, *to rule on an application timely filed with the court of appeals pursuant to App.R. 26,* or to rule on a motion to certify a conflict under Article IV, Section 3(B)(4) of the Ohio Constitution." (Emphasis added.) S.Ct.Prac.R. II(2)(D)(1).

### *Res Judicata and Davis's App.R. 26(B) Claim*

{¶ 23} Had this court considered Davis's claim of ineffective assistance of appellate counsel on the merits, res judicata may have barred his App.R. 26(B) application:

{¶ 24} "A valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Grava v. Parkman Twp.* (1995), 73 Ohio St.3d 379, 653 N.E.2d 226.

{¶ 25} Here, however, we have yet to review Davis's claims on the merits. When this court determines whether or not to accept jurisdiction in a particular case, it is not rendering a decision on the merits: "The refusal of the Supreme Court to accept any case for review shall not be considered a statement of opinion as to the merits of the law stated by the trial or appellate court." S.Ct.R.Rep.Op. 8(B).

{¶ 26} App.R. 26(B) creates a special procedure for a thorough determination of a defendant's allegations of ineffective assistance of counsel. The rule creates a separate forum where persons with allegedly deficient appellate counsel can vindicate their rights. A substantive review of the claim is an essential part of a timely filed App.R. 26(B) application.

{¶ 27} Because a claim for ineffective assistance of appellate counsel arises in the appellate court, and because this court's jurisdiction in most cases is discretionary, if this court's denial of jurisdiction were considered res judicata on the issue of ineffective assistance of appellate counsel—thus foreclosing a substantive App.R. 26(B) review—a defendant like Davis would never have an opportunity to fully present his case to *any* court. That result would run counter

to our recognition of effective appellate counsel as a constitutional right guaranteed to all defendants.

{¶ 28} The court of appeals in addressing Davis's App.R. 26(B) application for reopening should have determined whether he had alleged a genuine issue of ineffective assistance of appellate counsel. This court's decision not to hear Davis's discretionary appeal had no effect on that duty. Because the court below made no attempt to consider whether Davis had raised a colorable claim, it erred in denying the application purely on the basis that Davis's claim was barred by res judicata.

{¶ 29} Accordingly, we reverse the judgment of the court of appeals and remand the cause for further consideration pursuant to App.R. 26(B).

Judgment reversed
and cause remanded.

MOYER, C.J., and LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

———————

Joseph T. Deters, Hamilton County Prosecuting Attorney, and Scott M. Heenan, Assistant Prosecuting Attorney, for appellee.

H. Fred Hoefle, for appellant.

Timothy Young, Ohio Public Defender, and Stephen P. Hardwick, Assistant Public Defender, urging reversal for amicus curiae, Ohio Public Defender.