**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 12a0539n.06

No. 09-3584

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

May 25, 2012
LEONARD GREEN, Clerk

JAMES L. HEMPHILL,          )
                            )
    Petitioner-Appellant,       )
                            )
v.                          )          ON APPEAL FROM THE
                            )          UNITED STATES DISTRICT
STUART HUDSON, Warden,      )          COURT FOR THE  NORTHERN
                            )          DISTRICT OF OHIO
    Respondent-Appellee.        )

BEFORE:  SILER and WHITE, Circuit Judges; REEVES, District Judge.[*]

PER CURIAM.  James L. Hemphill, an Ohio prisoner proceeding through counsel, appeals a district court judgment dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.  For the reasons set forth below, we affirm the district court's judgment.

A jury convicted Hemphill of twenty-two counts of rape with force specifications, twenty-nine counts of gross sexual imposition, twenty-nine counts of kidnapping with sexual motivation specifications, and seven counts of rape, arising from Hemphill's alleged sexual abuse of his step-daughter.  The trial court sentenced Hemphill to a total of life plus seven years of imprisonment. Hemphill appealed, arguing, *inter alia*, that the offenses were not charged with sufficient specificity, that the evidence was insufficient to sustain his convictions, and that the prosecutor improperly asked him to comment on the credibility of other witnesses.

---

[*]The Honorable Danny C. Reeves, United States District Judge for the Eastern District of Kentucky, sitting by designation.

The state court of appeals affirmed Hemphill's "conviction for one count of gross sexual imposition, one count of rape of a child under thirteen with a furthermore clause alleging force, and one count of rape with a furthermore clause alleging force," vacated the remaining convictions, and remanded the case for re-sentencing. *State v. Hemphill*, No. 85431, 2005 WL 1706995, at *11 (Ohio Ct. App. July 21, 2005). On remand, the trial court sentenced Hemphill to life in prison. Hemphill did not pursue an appeal to the Ohio Supreme Court.

Hemphill subsequently filed a timely application to reopen his direct appeal under Ohio Rule of Appellate Procedure 26(B), claiming that his appellate counsel was ineffective. The Ohio Court of Appeals concluded that Hemphill's claims were barred by the doctrine of res judicata because they could have been raised through an appeal to the Ohio Supreme Court. *State v. Hemphill*, No. 85431, 2006 WL 2441647, at *1 (Ohio Ct. App. Aug. 23, 2006). The court also reviewed the claims on the merits and concluded that they did not warrant relief. *Id.* at *2-3. The Ohio Supreme Court declined discretionary review.

Hemphill then filed for federal habeas relief, claiming that his appellate counsel was ineffective for failing to raise various ineffective-assistance-of-trial-counsel claims. A magistrate judge recommended dismissing Hemphill's petition based on procedural default. Over Hemphill's objections, the district court accepted the magistrate judge's report and recommendation and dismissed the petition. This court granted a certificate of appealability and appointed counsel to represent Hemphill on appeal.

On appeal, Hemphill challenges the district court's procedural default ruling, arguing that, in light of *State v. Davis*, 894 N.E.2d 1221 (Ohio 2008), res judicata did not constitute an adequate and independent ground on which to bar review of his claims. Because we can dispose of

Hemphill's claims on the merits, however, we decline to address the district court's determination that Hemphill's claims are procedurally defaulted. *See Mahdi v. Bagley*, 522 F.3d 631, 635 (6th Cir. 2008). Instead, we affirm the district court's judgment on the alternative basis that Hemphill's claims do not warrant federal habeas relief.

To prevail on a claim of ineffective assistance of counsel, a defendant must show that 1) his attorney made errors so serious that the attorney was not functioning as the counsel guaranteed by the Sixth Amendment, and 2) the attorney's deficient performance was prejudicial, i.e., there is a reasonable probability that, but for the errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687, 694 (1984). When the state court has rejected an ineffective-assistance-of-counsel claim on the merits, federal habeas relief may be granted only if the state court unreasonably applied this standard. *Knowles v. Mirzayance*, 556 U.S. 111, 122-23 (2009) (noting the "doubly deferential judicial review" that applies to such claims). Review of counsel's performance is highly deferential, and there is a presumption that counsel rendered adequate assistance and exercised reasonable professional judgment. *Strickland*, 466 U.S. at 690. Although a defendant is entitled to effective assistance of counsel during his first appeal of right, counsel need not raise every non-frivolous argument on appeal. *Fautenberry v. Mitchell*, 515 F.3d 614, 642 (6th Cir. 2008). "Only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of appellate counsel be overcome." *Id.* (citation and alterations omitted).

Hemphill first argues that appellate counsel should have raised a claim that trial counsel was ineffective for failing to object to allegedly improper remarks made by the prosecutor in his opening statement and rebuttal argument. Hemphill contends the prosecutor improperly vouched for the

victim's credibility and attacked her mother's credibility based on "personal opinion and subjective judgment." All but one of the challenged remarks were made during the prosecutor's rebuttal argument in response to defense counsel's attack on the victim's credibility in his closing argument. It was not improper for the prosecutor to respond by arguing that the victim should be believed. *See United States v. Boyd*, 640 F.3d 657, 671 (6th Cir. 2011) ("It is not improper for a prosecutor to attempt to explain why, based on the facts, a witness's testimony is honest after the same has been attacked by the defense." (internal quotation marks and alteration omitted)). Further, the prosecutor's statements did not imply special knowledge of facts not before the jury. *See id.*; *Davis v. Booker*, 589 F.3d 302, 310 (6th Cir. 2009). Although the prosecutor did argue that the victim had no reason to lie, he did not expressly state that her testimony was truthful and that Hemphill's was not. *Cf. Hodge v. Hurley*, 426 F.3d 368, 377-78 (6th Cir. 2005). Trial counsel did make two successful objections during the prosecutor's rebuttal argument, and the objection that counsel made to a comment by the prosecutor on the witnesses' credibility was overruled. Under these circumstances, it cannot be said that trial counsel acted unreasonably by not making additional objections during the prosecutor's rebuttal argument. *See Lundgren v. Mitchell*, 440 F.3d 754, 774-75 (6th Cir. 2006). Because trial counsel performed adequately, Hemphill cannot show that his appellate attorney's failure to raise this claim constituted ineffective assistance. *See Greer v. Mitchell*, 264 F.3d 663, 676 (6th Cir. 2001).

Hemphill also argues that appellate counsel should have raised a claim that trial counsel was ineffective for failing to object when the prosecution knowingly presented false testimony. Specifically, Hemphill points to testimony from two school employees that they received a report from a school security officer that the victim was suicidal. The victim, however, testified that she

had used the knife to put a hole in her belt and accidentally brought it to school, and she denied telling the boy who took the knife from her what she intended to do with it. She testified that the boy told the authorities that she had threatened to kill herself because he got caught with the knife. Hemphill argues that, in light of the victim's testimony, the prosecution improperly elicited testimony that it knew to be false and then relied on this testimony during closing argument to assert that the victim was suicidal and made a "cry for help."

"[A] prosecutor may not deliberately deceive 'a court and jurors by [presenting] known false evidence.'" *Rosencrantz v. Lafler*, 568 F.3d 577, 583 (6th Cir. 2009) (quoting *Giglio v. United States*, 405 U.S. 150, 153 (1972)). In this case, the school employees accurately testified that they received a report that the victim was suicidal; neither testified that the victim actually appeared or claimed to be suicidal. Accordingly, Hemphill cannot demonstrate that the prosecution knowingly presented false testimony. *See id*. And while the prosecutor did state during his rebuttal argument that the victim was "talking about suicide," that remark was immediately followed by a reference to the victim's testimony that she had been carrying the knife to put a hole in her belt, not to kill herself. In contrast to the case on which Hemphill relies, *State v. Staten*, 470 N.E.2d 249, 255 (Ohio Ct. App. 1984), the jury was not presented with misleading, uncorrected testimony. Consequently, trial counsel's failure to object was not deficient performance, and appellate counsel's failure to raise this claim did not constitute ineffective assistance. *See Greer*, 264 F.3d at 663.

Finally, Hemphill argues that appellate counsel should have raised a claim that trial counsel was ineffective for failing to object to alleged prosecutorial misconduct in indicting him as a "sexually violent predator." These specifications, however, were bifurcated from the underlying charges and were considered by the trial court rather than the jury, and the trial court found Hemphill

not guilty of the specifications. Hemphill offers no support for his argument that the jurors' mere exposure to these specifications was prejudicial, and, as a result, he cannot demonstrate that his trial counsel was ineffective for failing to object.

For these reasons, the state court's rejection of Hemphill's ineffective-assistance- of-appellate counsel claims was not an unreasonable application of federal law. Accordingly, we affirm the district court's denial of habeas relief.