RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206
File Name: 12a0296p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT
_____

RICHARD D. GOLDBERG,

        *Petitioner-Appellant*,

    *v.*

TIMOTHY P. MALONEY, et al.

        *Respondents-Appellees.*

No. 11-3305

Appeal from the United States District Court
for the Northern District of Ohio at Youngstown.
No. 4:03-cv-2190—Donald C. Nugent, District Judge.

Decided and Filed: August 31, 2012

Before: MOORE, WHITE, and LUCERO,[*] Circuit Judges.

_____

### COUNSEL

_____

**ON BRIEF:** Brian E. Dickerson, ROETZEL & ANDRESS, LPA, Columbus, Ohio, for
Appellant. Linnette M. Stratford, MAHONING COUNTY PROSECUTOR'S OFFICE,
Youngstown, Ohio, for Appellee.

_____

### OPINION

_____

      CARLOS F. LUCERO, Circuit Judge. Richard Goldberg appeals the district
court's denial of his 28 U.S.C. § 2241 petition for habeas relief. Exercising jurisdiction
under 28 U.S.C. § 1291, we **AFFIRM** the district court's judgment.

---

    [*]The Honorable Carlos F. Lucero, Circuit Judge for the United States Court of Appeals for the
Tenth Circuit, sitting by designation.

# I

Goldberg, a medical malpractice attorney, appeared before Ohio Probate Judge Timothy Maloney in several consolidated cases.[1] Following complaints that Goldberg concealed assets and retained unearned fees, Judge Maloney ordered Goldberg to pay various amounts to the estates involved. After Goldberg failed to do so, Judge Maloney directed him to show cause why he should not be held in contempt. Following a hearing, Judge Maloney found Goldberg to be in criminal contempt for failing to comply with prior court orders, and also cited Goldberg for attempting to suborn witnesses in each of the cases—charges that did not appear on the hearing notice. Based on these contempt rulings, Goldberg received a sentence of 18 months' imprisonment.[2]

An Ohio appellate court affirmed Goldberg's contempt sentence. Goldberg subsequently retained new counsel and appealed to the state's highest court. Before the Ohio Supreme Court, Goldberg argued—for the first time—that he had not received sufficient notice of the charges for which he was held in contempt, including whether the charges were civil or criminal. He also argued that he had been denied effective assistance of counsel because his former attorney failed to raise this notice claim at both the trial and appellate levels. The Ohio Supreme Court declined further review.

Goldberg then filed a federal habeas petition in the United States District Court for the Northern District of Ohio. Defendants filed a motion to dismiss arguing, among other things, that Goldberg failed to exhaust his ineffective assistance of appellate counsel claim pursuant to Ohio Appellate Rule 26. Goldberg did not address this argument in a reply brief, but rather filed an amended complaint dismissing his ineffective assistance claim. In 2004, the district court adopted a magistrate judge's recommendation granting habeas relief on the basis that Goldberg received constitutionally inadequate notice of the charges against him. In addition, the court

---

[1] Three actions underlie this appeal: *Estate of Ellen Rose Mercurio*, *Estate of Towanna Williams*, and *Estate of William R. Hunter*. A fourth probate action, in which Goldberg appeared, *Estate of Richard C. Lanning, Jr.*, is not at issue.

[2] Goldberg received an additional 90 days' imprisonment for failing to perform in accordance with the court's orders in *Estate of Richard C. Lanning, Jr.*

briefly addressed whether Goldberg's notice claim was procedurally defaulted because he failed to raise it before the state intermediate appellate court.  Noting that Goldberg's proper exhaustion of his ineffective assistance of counsel claim was "necessary to preserving his notice claim," the district court rejected the respondents' argument that Goldberg "needed to file . . . a Rule 26(b) application" to exhaust that claim.  It was sufficient, the court held, to raise the claim "in a direct appeal to the Ohio Supreme Court."

Respondents timely appealed the district court's determination.  This Court reversed. *Goldberg v. Maloney* ("*Goldberg I*"), No. 05-3487 (6th Cir. Jan. 31, 2007) (unpublished).  We acknowledged the district court's remarks regarding exhaustion of Goldberg's ineffective assistance of counsel claim; however, we concluded that the district court failed to reach the question of whether Goldberg procedurally defaulted his notice claim.  Addressing that question, we held that Goldberg had procedurally defaulted on his lack-of-notice claim by failing to raise it in the state court of appeals.  Thus, we remanded the case to allow the district court to determine whether Goldberg had "established cause and prejudice that might excuse the procedural default" of his lack-of-notice claim.  On remand, the district court determined that Goldberg had not demonstrated sufficient cause or prejudice to overcome the procedural default, and denied his petition for habeas relief.

## II

A procedurally defaulted claim may be considered by a habeas court if "the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).  Both prongs "are questions of law, which we review de novo." *Burroughs v. Makowski*, 411 F.3d 665, 667 (6th Cir. 2005).

Goldberg argues that constitutionally ineffective assistance of counsel caused him to default his notice claim.  However, a claim that is itself procedurally defaulted cannot be used as cause to excuse another procedurally defaulted claim. *Edwards v.*

*Carpenter*, 529 U.S. 446, 453 (2000).  We must therefore determine whether Goldberg's ineffective assistance claim is itself defaulted.

**A**

Goldberg raised his ineffective assistance claim for the first time in a petition for review before the Ohio Supreme Court.  The Ohio Supreme Court declined jurisdiction and summarily dismissed the appeal.  Although we generally presume that a state court denying relief on a federal claim does so on the merits, we make an exception if an applicable state-law procedural principle suggests an alternative explanation.  *See Harrington v. Richter*, 131 S. Ct. 770, 784-85 (2011).  This is such a case.

Ohio Appellate Rule 26 provides:

> A defendant in a criminal case may apply for reopening of the appeal from the judgment of conviction and sentence, based on a claim of ineffective assistance of appellate counsel.  An application for reopening shall be filed in the court of appeals where the appeal was decided within ninety days from journalization of the appellate judgment . . . .Ohio R. App. P. 26(b)(1).

The rule offers defendants "a separate collateral opportunity" to raise ineffective assistance claims subsequent to a direct appeal.  *Morgan v. Eads*, 818 N.E. 2d 1157, 1158 (Ohio 2004).  In *Ohio v Davis*, 894 N.E. 2d 1221 (Ohio 2008), the defendant filed both an appeal to the Ohio Supreme Court and a Rule 26(B) application in the court of appeals, both asserting for the first time the ineffective assistance of appellate counsel.  After the Ohio Supreme Court declined to accept the discretionary appeal, the court of appeals refused to address the merits of Davis's Rule 26(B) application, concluding that consideration on the merits was barred by res judicata due to his unsuccessful appeal to the Supreme Court.  The Ohio Supreme Court disagreed, explaining that when it "determines whether or not to accept jurisdiction in a particular case, it is not rendering a decision on the merits."  *Id.* at 1225.  The Supreme Court further explained that when presented with a timely Rule 26(B) application the court of appeals is required to determine whether there is a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal.  Thus, although a defendant may raise the

ineffective assistance of counsel issue in both a timely direct appeal and a timely application under Rule 26(B), the Ohio Supreme Court's denial of the discretionary appeal does not exhaust the issue because the court of appeals is nevertheless obliged to address the application on the merits. In other words, raising a claim for ineffective assistance of appellate counsel in a discretionary appeal to the Ohio Supreme Court, without addressing the claim through Ohio Appellate Rule 26(b), does not satisfy the exhaustion requirement unless the Ohio Supreme Court addresses the issue on the merits. Goldberg does not claim to have filed a Rule 26 motion; nor does he argue that he could now do so given the relevant deadline.[3]

**B**

In the alternative, Goldberg argues that applying Rule 26 would violate the law of the case doctrine because in its 2005 order, the district court stated that "Ohio law allows an ineffective assistance of appellate counsel claim to be raised through an Ohio Appellate rule 26(b) application *OR* in a direct appeal to the Ohio Supreme Court." Under Goldberg's theory, this statement by the district court somehow constrains our ability to decide this case.

To be sure, when a case has been remanded by an appellate court, the trial court is bound to "proceed in accordance with the mandate and law of the case as established by the appellate court." *Hanover Ins. Co. v. Am. Eng'g Co.*, 105 F.3d 306, 312 (6th Cir. 1997). Once an appellate court "decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Scott v. Churchill*, 377 F.3d 565, 569-70 (6th Cir. 2004) (quotation and citation omitted); *see also Westside Mothers v. Olszewski*, 454 F.3d 532, 538 (6th Cir. 2006).

---

[3]Unexhausted claims may be deemed procedurally defaulted if the state offers no mechanism through which the petitioner could return to state court and exhaust the claim. *See Alley v. Bell*, 307 F.3d 380, 385 (6th Cir. 2002) ("[I]f an unexhausted claim would be procedurally barred under state law, that claim is procedurally defaulted for purposes of federal habeas review."), *cert. denied*, 540 U.S. 1086 (2003); *see also State v. Davis*, 894 N.E.2d 1221, 1224 (Ohio 2008) (holding that Ohio Supreme Court's decision not to review an ineffective assistance of appellate counsel claim is not a decision on the merits). Rule 26(B) requires that applications be made within ninety days absent a showing of good cause. Ninety days has passed and Goldberg has offered no cause for his delay, which would be difficult considering he was aware of the argument at the time he sought discretionary appeal. *Cf. Monzo v. Edwards*, 281 F.3d 568, 577 (6th Cir. 2002) (holding that failure to establish good cause to excuse an untimely Rule 26(B) application is an adequate state procedural ground).

This Court, however, has never decided that Goldberg is exempt from the requirements of Rule 26, whether "explicitly or by necessary inference." *Hanover*, 105 F.3d at 312 (quotation omitted). In *Goldberg I*, we noted that the "district court held that his ineffective assistance claim was not procedurally defaulted," but we did not address the merits of that holding. Indeed, the necessary inference from our remand decision is that the question of whether ineffective assistance of appellate counsel could save Goldberg's lack-of-notice claim from procedural default remained unresolved. Further, the simple observation by the district court that Ohio law permits an ineffective assistance claim to be raised in either manner when still within the time limits for both does not address whether a defendant who is denied discretionary review by the Supreme Court must then file a Rule 26(B) motion to exhaust the claim.

### C

Goldberg also contends that Rule 26 does not apply to appeals from criminal contempt proceedings because they are not "criminal case[s]" within the meaning of the rule. It is true that "[c]ontempt proceedings are often classified as sui generis, neither civil nor criminal." *State ex rel. Corn v. Russo*, 740 N.E.2d 265, 269 (Ohio 2001); *see also Brown v. Executive 200, Inc.*, 416 N.E.2d 610, 612 (Ohio 1980). Nevertheless, "most courts distinguish between civil and criminal contempt proceedings," based on the "purpose to be served by the sanction," *Corn*, 740 N.E.2d at 269, and the parties agree that the probate court found Goldberg guilty of criminal contempt.

The Supreme Court has described criminal contempt as a "crime in the ordinary sense." *Bloom v. Illinois*, 391 U.S. 194, 201 (1968). Accordingly, it has extended to criminal contempt proceedings a variety of constitutional protections—including the right to counsel—applicable in ordinary criminal cases. *See Cooke v. United States*, 267 U.S. 517, 537 (1925); *see also United States v. Dixon*, 509 U.S. 688, 696 (1993) (double jeopardy); *Hicks ex rel. Feiock v. Feiock*, 485 U.S. 624, 632 (1988) (proof beyond a reasonable doubt); *Gompers v. Bucks Stove & Range Co.*, 221 U.S. 418, 444 (1911) (privilege against self-incrimination and presumption of innocence).

Goldberg argues that he was constitutionally entitled to effective assistance of counsel in his criminal contempt proceeding, while insisting that his is not a criminal case for the purposes of enforcing this entitlement. But Goldberg cannot have it both ways. We think it plain that the term "criminal case" as used in Rule 26, refers to those cases in which there is a constitutional right to counsel because of the criminal penalties at stake. *See, e.g.*, *State v. Komadina*, No. 03CA008325, 2004 WL 2244368, at *1 (Ohio Ct. App. Sept. 22, 2004) (unpublished) (granting Ohio App. R. 26(B) application to reopen criminal contempt case). Thus, Goldberg's ineffective assistance claim is procedurally defaulted because he failed to comply with Rule 26.

## III

Because Goldberg cannot show cause to excuse his procedural default, we **AFFIRM**.