[Cite as *State v. Lintz*, 2013-Ohio-4847.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **MEMORANDUM OPINION** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2013-L-066** |
| SCOTT L. LINTZ, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Lake County Court of Common Pleas.
Case No. 07 CR 000726.

Judgment: Appeal dismissed.

*Charles E. Coulson*, Lake County Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Scott L. Lintz*, pro se, PID: 552005, Grafton Correctional Institution, 2500 Avon Belden Road, Grafton, OH 44044 (Defendant-Appellant).

THOMAS R. WRIGHT, J.

{¶1} This matter is currently before this court upon appellant's pro se motion for leave to file a delayed appeal pursuant to App.R. 5(A). Appellant appeals from a judgment entry issued by the trial court on July 17, 2008, which indicates that he entered a plea of guilty to two counts of attempted felonious assault. The trial court sentenced appellant to serve seven years in prison and ordered him to pay restitution to the victims of his crimes.

{¶2} Along with the motion for leave, appellant filed his notice of appeal of the July 17, 2008 sentence on July 8, 2013. Thus, this appeal is untimely by nearly five years.

{¶3} Appellee, the state of Ohio, filed a response in opposition to appellant's motion on July 15, 2013.

{¶4} App.R. 4(A) states, in part, that "[a] party shall file the notice of appeal required by App.R. 3 within thirty days of the later of entry of the judgment or order appealed * * *."

{¶5} App R. 5(A) provides, in relevant part:

> (1)(a) After the expiration of the thirty day period provided by App.R. 4(A) for the filing of a notice of appeal as of right, an appeal may be taken by a defendant with leave of the court to which the appeal is taken in * * * [c]riminal proceedings * * *.
>
> (2) A motion for leave to appeal shall be filed with the court of appeals and shall set forth the reasons for the failure of the appellant to perfect an appeal as of right. Concurrently with the filing of the motion, the movant shall file with the clerk of the trial court a notice of appeal in the form prescribed by App.R. 3 and shall file a copy of the notice of the appeal in the court of appeals. * * *

{¶6} In his motion, appellant asserts his reason for failing to perfect a timely appeal is that he was unaware of the 30-day time limit to file a direct appeal, as the trial court did not inform him of such at the time of sentencing.

{¶7} Given the length of time of nearly five years that has passed from the time of appellant's conviction and sentence until the filing of his motion for delayed appeal, it is evident that appellant was not diligent in taking the proper steps to protect his rights. Further, the reason submitted by appellant as the cause for the delay does not

adequately justify waiting that length of time to initiate a direct appeal. As such, we find that appellant has not satisfied the requirements of App.R. 5(A).

{¶8} We further note that, in appellant's affidavit attached to his motion for leave, appellant asserts he is "presently incarcerated by a sentence contrary to law and 'void,' along with other collateral disabilities in connection with [his] conviction * * *." However, appellant has previously appealed his conviction and sentence in *State v. Lintz*, 11th Dist. Lake No. 2010-L-067, 2011-Ohio-6511. The *Lintz* opinion also contains a detailed history of numerous pro se motions filed by appellant in the trial court and their dispositions, some of which he appealed to this court. *Id.* at ¶6-17.

{¶9} Accordingly, even if appellant asserted a sufficient basis under App.R. 5(A) in his motion for leave, his argument on appeal would be barred by res judicata. As we stated in *Lintz*: "any issues that were raised or could have been raised by a defendant at the trial court level or on direct appeal are res judicata and not subject to review in subsequent proceedings." *Id.* at ¶36, citing *State v. Perry*, 10 Ohio St.2d 175 (1967), paragraph nine of the syllabus, and *State v. Davis*, 119 Ohio St.3d 422, 2008-Ohio-4608, ¶6.

{¶10} In *Lintz, supra*, appellant timely appealed the trial court's June 10, 2010 nunc pro tunc entry, which resentenced appellant due to the fact "that the July 17, 2008 sentencing entry failed to state the correct postrelease control sanction." *Id.* at ¶16. Affirming the trial court's entry, we held that "the trial court issued a nunc pro tunc sentencing entry including the correct mandatory postrelease control sanction. Moreover, that correction has the same effect as if the court had originally included it in appellant's sentence. R.C. 2929.191[.]" *Id.* at ¶33. Thus, any arguments regarding

3

appellant's postrelease control sanction are now barred by res judicata because they either were or could have been raised in his direct appeal of the June 10, 2010 entry.

{¶11} Appellant also raised assignments of error in *Lintz* regarding the portions of his underlying sentence that were not affected by the trial court's nunc pro tunc entry. *Id.* at ¶39, 43, 46, 50. We held these arguments were barred by res judicata, because they could have been raised on direct appeal but were not. *Id.* at ¶41, 44, 48, 50.

{¶12} Appellant has provided nothing to indicate why allowing this delayed appeal would prevent a manifest miscarriage of justice. An appeal of the trial court's July 17, 2008 sentencing entry appears to be simply a rehashing of prior arguments presented by appellant.

{¶13} Accordingly, it is ordered that appellant's pro se motion for leave to file a delayed appeal is hereby overruled.

{¶14} Appeal dismissed.


TIMOTHY P. CANNON, P.J.,

CYNTHIA WESTCOTT RICE, J.,

concur.