[Cite as *State ex rel. Johnson v. Ohio Dept. of Rehab. & Corr. Bur. of Sentence Computation*, 2016-Ohio-5645.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| ROGER JOHNSON, | ) | CASE NO. 16 MA 0069 |
| | ) | |
| RELATOR, | ) | |
| | ) | |
| VS. | ) | OPINION AND |
| | ) | JUDGMENT ENTRY |
| THE OHIO DEPARTMENT OF | ) | |
| REHABILITATION & CORRECTION | ) | |
| BUREAU OF SENTENCE | ) | |
| COMPUTATION, | ) | |
| | ) | |
| RESPONDENTS. | ) | |

CHARACTER OF PROCEEDINGS:   Petition for Writ of Mandamus

JUDGMENT:   Petition denied.

APPEARANCES:

For Relator:   State ex rel. Roger Johnson, *pro se*
#198-212
878 Coitsville-Hubbard Road
Youngstown, Ohio 44505

For Respondents:   Atty. B. Kennedy
Assistant Attorney General
Criminal Justice Section
150 East Gay Street, 16th Floor
Columbus, Ohio 43215

JUDGES:

Hon. Carol Ann Robb
Hon. Gene Donofrio
Hon. Mary DeGenaro

Dated: August 31, 2016

PER CURIAM.

**{¶1}** Roger Johnson ("Relator") has filed an original action seeking a writ of mandamus against the Ohio Department of Rehabilitation and Correction (ODRC) and the Bureau of Sentence Computation (BOSC) ("Respondents"). His complaint asks this Court to compel Respondents to recalculate the maximum expiration of his sentence in compliance with the statute that was law and applicable at the time he committed his crimes. For the following reasons, Respondents' motion to dismiss is granted, and Relator's request for a writ of mandamus is denied.

*STATEMENT OF THE CASE*

**{¶2}** This case concerns the calculation of multiple sentences stemming from Relator's multiple criminal cases spanning over 12 years. According to Relator, in a 1986 case he was sentenced to 8 to 25 years for aggravated robbery. In another case from that same year, Relator was sentenced to 1 year for forgery. In a 1990 case, Relator was sentenced to 2 to 5 years for theft and having a weapon while under disability and a consecutive 3-year gun specification sentence. And in a 1998 case, he was sentenced to 9 months for a prison assault.

**{¶3}** Relator argues that the 1-year forgery sentence, the 3-year gun specification sentence, the 9-month prison assault sentence, and the 2-year minimum sentence for the theft and having a weapon while under disability convictions should have all been added to the 8-year minimum term of his aggravated robbery sentence. He also argues that the 5-year maximum term for the theft and having a weapon while under disability convictions should have been added to the 25-year maximum term for his aggravated robbery sentence. According to his calculations, Relator contends his aggregate indefinite sentence should be 14 years, 9 months to 30 years. Although Relator does not provide a specific calculation of a specific release date, he alleges that his 30-year maximum sentence expires in 2016.

**{¶4}** The exhibits attached in support of Relator's petition reveal that he was also sentenced in 2015 to a 3-year consecutive sentence for possession of a deadly

weapon while under detention. However, Relator fails to address this sentence in the substantive portion of his petition.

*LAW & ANALYSIS*

*Res Judicata*

**{¶5}** Respondents argue that Relator's claim here is barred by the doctrine of res judicata because he previously filed a petition for a writ of habeas corpus in the Scioto County Common Pleas Court seeking a recalculation of his maximum expiration date.

**{¶6}** In general, the res judicata doctrine provides that "a final judgment rendered by a court of competent jurisdiction on the merits is conclusive as to the rights of the parties and their privies, and, as to them, constitutes an absolute bar to a subsequent action involving the same claim, demand or cause of action." *State v. Davies,* 119 Ohio St.3d 422, 2008-Ohio-4608, 894 N.E.2d 1221, ¶ 6.

**{¶7}** In 2010, Relator filed a habeas corpus petition against the Southern Ohio Correctional Facility, Warden Donald Morgan, and the Bureau of Sentence Computation. In dismissing that case, the court held:

> The Court having reviewed the entire file herein finds that although the Petitioner alleged that a maximum release date has been improperly calculated by the Bureau of Sentence Computation, he fails to establish a genuine issue of material fact. The Petitioner's maximum release date has been calculated in accordance with Ohio law to be June 6, 2020. The Court further finds that Petitioner's proposed 2016 maximum release date is not possible given the terms of incarceration he is serving. Therefore, he is not entitled to declaratory judgment. As for the Petitioner's petition for habeas corpus relief, the Court finds that Petitioner is not entitled to said relief as his sentence is not expired. Based upon the foregoing, the Court finds Petitioner's petition to be not well taken and therefore overrules the same.

*Johnson v. Morgan*, Scioto C.P. No. 10CIH00263 (Mar. 28, 2011)

{¶8}   A review of the Scioto County Common Pleas Court's decision reveals that it resolved the same claim that Relator is presenting in his petition for a writ of mandamus before this Court.  Accordingly, Relator's petition for a writ of mandamus is barred by the doctrine of res judicata.

*Multiple Sentences*

{¶9}   Even if Relator's claim before this Court was not barred by res judicata, a substantive review of the claim shows that it is without merit.  Relator's entire argument is premised upon a misapplication of R.C. 2929.41, which governs multiple sentences.  Former R.C. 2929.41(C), which was in effect the last time Relator was sentenced, contained four subsections addressing how consecutive sentences were to be aggregated.  Relator's argument focuses on the first three of those subsections which provided as follows:

> (1) When consecutive sentences of imprisonment are imposed for [a] felony * * * the minimum term to be served is the aggregate of the consecutive minimum terms imposed, and the maximum term to be served is the aggregate of the consecutive maximum terms imposed.

> (2) When consecutive sentences of imprisonment are imposed for [certain specified felonies including assault which occurs on the grounds of a state correctional institution] the minimum term to be served is the aggregate of the consecutive minimum terms imposed reduced by the time already served on any such minimum term, and the maximum term imposed is the aggregate of the consecutive maximum terms imposed.

> (3) When consecutive sentences of imprisonment are imposed [pursuant to a three-year or six-year firearm specification], all of the three-year terms of actual incarceration imposed pursuant to section 2929.71 of the Revised Code and all of the six-year terms of actual incarceration imposed pursuant to section 2929.72 of the Revised Code shall be served first, and then the indefinite terms of imprisonment shall

be served, with the aggregate minimum and maximum terms being determined in the same manner as aggregate minimum and maximum terms are determined pursuant to division (C)(2) of this section.

{¶10} Applying these provisions to his sentences, Relator's argues his aggregate indefinite sentence should be 14 years, 9 months to 30 years. Relator misapplies these provisions by treating his definite sentences of 1 year for forgery, 3 years for the firearm specification, and 9 months for prison assault as indefinite sentences. The fourth subsection of R.C. 2929.41(C) explains how definite and indefinite sentences are to be aggregated:

When a person is serving definite terms of imprisonment consecutively to indefinite terms of imprisonment, to three-year terms of actual incarceration imposed pursuant to section 2929.71 of the Revised Code, to six-year terms of actual incarceration imposed pursuant to section 2929.72 of the Revised Code, or to both indefinite terms of imprisonment and the three-year or six-year terms of actual incarceration, the aggregate of all of the three-year or six-year terms of actual incarceration shall be served first, then the aggregate of the definite terms of imprisonment shall be served, and then the indefinite terms of imprisonment shall be served, with the aggregate minimum and maximum terms being determined in the same manner as aggregate minimum and maximum terms are determined pursuant to division (C)(2) of this section.

{¶11} Applying all four subsections of R.C. 2929.41(C) results in the correct sentence calculated by Respondents. According to Relator's petition, he was sentenced to two indefinite consecutive sentences: 8 to 25 years for aggravated robbery and 2 to 5 years for theft and having a weapon while under disability. The resulting aggregate consecutive indefinite sentence is an indefinite sentence minimum of 10 years and an indefinite sentence maximum of 30 years, or more simply put, 10 to 30 years. R.C. 2929.41(C)(4) expressly instructs that Relator's 3-

year firearm specification sentence and remaining definite sentences of 1 year for forgery, 9 months for assault, and 3 years for possession of a deadly weapon while under detention must be served prior to the commencement of his aggregated indefinite sentences. In other words, contrary to Relator's misinterpretation and misapplication of the statute, his firearm specification sentence and definite sentences were not to be added to the aggregate of his minimum indefinite sentences but were to be served prior to the commencement of his indefinite sentences. Therefore, the maximum expiration of Relator's sentence was correctly calculated by Respondents as June 6, 2023.

**{¶12}** For all of the foregoing reasons, Respondents' motion to dismiss is granted, and Relator's request for a writ of mandamus is denied. This case is hereby dismissed.

**{¶13}** Costs taxed against Relator. Final order. Clerk to serve notice as provided by the Civil Rules.

Robb, J., concurs.

Donofrio, P.J., concurs.

DeGenaro, J., concurs.