[Cite as *State v. Smith*, 2018-Ohio-432.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                    Court of Appeals No. L-17-1248

    Appellee                                    Trial Court No. CR0200202875

v.

Taurean E. Smith                             **DECISION AND JUDGMENT**

    Appellant                                   Decided:  February 2, 2018

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Andrew J. Lastra, Assistant Prosecuting Attorney, for appellee.

Taurean E. Smith, pro se.

* * * * *

**SINGER, J.**

{¶ 1} Appellant, Taurean E. Smith, filed an accelerated appeal from the

September 21, 2017 judgment of the Lucas County Court of Common Pleas denying his

pro se motion for jail time credit.  For the reasons which follow, we affirm.  Appellant

asserts the following assignments of error on appeal:

ASSIGNMENT OF ERROR I:

The trial court erroneously is denying appellant Smith his jail time credit for time served while awaiting extradition to Ohio.

ASSIGNMENT OF ERROR II:

The trial court has violated the appellant Smith's constitutional right of due process in failing to credit the appellant to all time served that relates to the underlying offense.

{¶ 2} Appellant was arrested in Detroit, Michigan, in 2002 and held in custody until he was extradited to Ohio where charges were pending against him. On April 1, 2003, he was sentenced to a total of 16 years of imprisonment following the entry of a guilty plea to aggravated robbery and involuntary manslaughter. Appellant did not file an appeal from the sentencing judgment.

{¶ 3} On March 13, 2017, appellant first moved for jail time credit for the time served in Michigan. His motion was denied for lack of documentation. Appellant renewed his motion on July 10, 2017, and the trial court denied it on July 25, 2017, on the basis appellant is not entitled to jail time credit for time spent in another state while awaiting extradition. Appellant moved a third time on September 18, 2017, for jail time credit for the time served in Michigan while awaiting extradition. The trial court denied the motion on September 21, 2017. Appellant appealed only from this last judgment.

{¶ 4} We find the present appeal is barred by the doctrine of res judicata. The doctrine provides that "issues that could have been raised on direct appeal and were not

2.

are res judicata and not subject to review in subsequent proceedings." *State v. Davis*, 119 Ohio St.3d 422, 2008-Ohio-4608, 894 N.E.2d 1221, ¶ 6 (citations omitted).

{¶ 5} R.C. 2929.19(B)(2)(g)(iii) permits an offender to file a motion to correct an error in determining jail-time credit any time after sentencing. *State v. Thompson*, 147 Ohio St.3d 29, 2016-Ohio-2769, 59 N.E.3d 1264, ¶ 12. The ruling on such a motion is a final, appealable order. *Id*. at ¶ 13. However, the statute does not protect appellant's appeal from application of res judicata because he raised the issue of jail time credit twice prior to the present appeal and did not appeal the denial of his prior motions. For that reason, we find the issue of jail time credit is now barred by the doctrine of res judicata. Appellant's two assignments of error are found not well-taken.

{¶ 6} Having found the trial court did not commit error prejudicial to appellant and that substantial justice has been done, the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

Arlene Singer, J.

James D. Jensen, J.
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE

4.