[Cite as *State v. Campbell*, 2019-Ohio-3600.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

State of Ohio                                    Court of Appeals No. E-19-035

    Appellee                                 Trial Court No. 2013-CR-097

v.

Marcus Campbell                            **DECISION AND JUDGMENT**

    Appellant                                Decided:  September 6, 2019

* * * * *

Kevin J. Baxter, Erie County Prosecuting Attorney, and
Anthony A. Battista III, Assistant Prosecuting Attorney,
for appellee.

Marcus Campbell, pro se.

* * * * *

**ZMUDA, J.**

## I.  Introduction

{¶ 1} In this accelerated appeal, appellant, Marcus Campbell, appeals the judgment of the Erie County Court of Common Pleas, denying his motion for jail-time credit.  Because we find that appellant's request for jail-time credit is barred by res judicata, we affirm.

## A. Facts and Procedural Background

{¶ 2} On March 5, 2013, appellant was indicted on one count of attempted murder in violation of R.C. 2923.02(A), a felony of the first degree, one count of felonious assault in violation of R.C. 2903.11(A)(2), a felony of the second degree, one count of aggravated robbery in violation of R.C. 2911.01(A)(1), a felony of the first degree, and one count of having weapons while under disability in violation of R.C. 2923.13(A)(2), a felony of the third degree. Firearm specifications were also attached to the charges for attempted murder, felonious assault, and aggravated robbery.

{¶ 3} Appellant initially entered a plea of not guilty to the foregoing charges. Following pretrial discovery and plea negotiations, appellant appeared before the trial court for a plea hearing on March 21, 2014. Pursuant to a plea agreement, appellant withdrew his not guilty plea, and entered a guilty plea to felonious assault and having weapons while under disability. The state dismissed the remaining charges as well as all firearms specifications. The court then accepted appellant's guilty plea.

{¶ 4} At sentencing on April 7, 2014, the trial court ordered appellant to serve 7 years in prison on the felonious assault count and 30 months in prison on the having weapons while under disability count. The court imposed these sentences concurrently to one another, but consecutively to the sentences previously imposed in case Nos. 2007-CR-004 and 2011-CR-457. Further, the court credited appellant with 46 days of jail time served as of April 8, 2014. Appellant did not appeal this sentence.

2.

{¶ 5} On July 15, 2016, appellant filed a "motion to correct jail time credit" with the trial court. In his motion, appellant contended that he was entitled to 313 days of additional jail-time credit for time served in the Erie County Jail and the Lorrain Correctional Institution during the pendency of these proceedings. Appellant contended that he was continuously confined from April 13, 2013 through April 8, 2014, for a total period of 360 days. Thus, appellant argued that the trial court miscalculated his jail-time credit.

{¶ 6} On December 14, 2016, the trial court issued its decision denying appellant's motion to correct jail-time credit. The trial court found that appellant's calculations of jail-time credit were incorrect because he was confined in connection with his previous convictions during the 313 days for which he was requesting credit. Appellant did not appeal the trial court's denial of his motion.

{¶ 7} Thereafter, on March 8, 2019, appellant filed a second motion for jail-time credit. In this motion, appellant argued that he was entitled to 247 days of jail-time credit under the Fourteenth Amendment's Equal Protection Clause. In its April 25, 2019 response to appellant's motion, the state argued that appellant was not entitled to additional jail-time credit for time appellant served on his prior sentences, because the sentence imposed by the trial court in this case was ordered to be served consecutively to the prior sentences.

{¶ 8} On May 1, 2019, the trial court issued its decision on appellant's motion. In its decision, the trial court found that appellant was not entitled to the additional days of

3.

credit he requested, because "[appellant's] cases were to be served consecutively. The additional time requested was already given in the appropriate case. Therefore, [appellant] is not entitled to the additional credit requested. [Appellant's] Jail Time Credit Motion is DENIED."

{¶ 9} Following the trial court's denial of appellant's motion for jail-time credit, appellant filed a timely notice of appeal. On June 17, 2019, we issued an order placing this matter on the accelerated calendar.

## B.  Assignments of Error

{¶ 10} On appeal, appellant's assigns the following errors for our review:

Assignment of Error I:  The trial court erred in denying appellant's motion for jail time credit.

Assignment of Error II:  The trial court violated the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution when it denied appellant credit for time served.

Assignment of Error III:  The trial court violated the Double Jeopardy Clause of the Fifth Amendment to the U.S. Constitution when it denied appellant credit for time served.

## II.  Analysis

{¶ 11} In each of appellant's assignments of error, he argues that the trial court erred in denying his motion for jail-time credit. In response, the state argues that appellant's arguments are barred by the doctrine of res judicata.

4.

{¶ 12} The doctrine of res judicata bars appellate consideration of issues that a party fails to raise on direct appeal, where such issues could have been raised on direct appeal. *State v. Davis*, 119 Ohio St.3d 422, 2008-Ohio-4608, 894 N.E.2d 1221, ¶ 6, citing *State v. Hutton*, 100 Ohio St.3d 176, 2003-Ohio-5607, 797 N.E.2d 948, ¶ 37, and *State v. D'Ambrosio*, 73 Ohio St.3d 141, 143, 652 N.E.2d 710 (1995). While R.C. 2929.19(B)(2)(g)(iii) permits an offender to file a motion to correct an error in determining jail-time credit any time after sentencing, *State v. Thompson*, 147 Ohio St.3d 29, 2016-Ohio-2769, 59 N.E.3d 1264, ¶ 12, the statute does not protect an appeal from application of res judicata where the issue of jail-time credit was raised in a prior motion that was denied by the trial court and not appealed. *State v. Smith*, 6th Dist. Lucas No. L-17-1248, 2018-Ohio-432, ¶ 5.

{¶ 13} Because appellant previously raised the issue of jail-time credit in his July 15, 2016 motion, the denial of which was not appealed by appellant, we find that the issue of jail-time credit is now barred by the doctrine of res judicata. *Id.* Accordingly, appellant's assignments of error are found not well-taken.

### III. Conclusion

{¶ 14} In light of the foregoing, the judgment of the Erie County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

5.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.                  _____
                                                         JUDGE

Thomas J. Osowik, J.        

Gene A. Zmuda, J.             _____
CONCUR.                                            JUDGE

                                              _____
                                                         JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.