[Cite as *Butler v. Ulrich*, 2022-Ohio-3768.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| JACLYN S. BUTLER | JUDGES:<br>Hon. Earle E. Wise, Jr., P.J. |
| Plaintiff-Appellee | Hon. William B. Hoffman, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case No. 2022 AP 05 0012 |
| ANDREW S. ULRICH | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDINGS:     Appeal from the Tuscarawas County
Court of Common Pleas, Juvenile
Division, Case No. 2012 CS 00140


JUDGMENT:                                  Affirmed


DATE OF JUDGMENT ENTRY:        October 21, 2022


APPEARANCES:


For Plaintiff-Appellee                         For Defendant-Appellant

ERICK L. BAUER                              BRAD L. HILLYER
122 North Broadway Street               Connolly, Hillyer & Ong, Inc.
New Philadelphia, Ohio 44663          201 North Main Street
                                                    Uhrichsville, Ohio 44683

*Hoffman, J.*

**{¶1}** Defendant-appellant Andrew S. Ulrich appeals the April 26, 2022 Judgment Entry entered by the Tuscarawas County Court of Common Pleas, Juvenile Division, which overruled his objections to the Magistrate's March 11, 2022 Decision, finding res judicata precluded consideration of his Motion to Suspend 15 Day Jail Sentence and deeming the motion to be moot. Plaintiff-appellee is Jaclyn S. Butler.

## STATEMENT OF THE FACTS AND CASE

**{¶2}** Appellant and Appellee are the parents of one minor child ("the Child"). The parties were never married. On June 12, 2012, the Tuscarawas County Child Support Enforcement Agency ("CSEA") issued an administrative order of child support, finding Appellant was the father of the Child and ordering him to pay child support. On June 20, 2012, CSEA filed a complaint, requesting the trial court adopt the administrative order and make it an order of the court. The parties ultimately reached an agreement as to Appellant's support obligation as well as visitation.

**{¶3}** On January 2, 2019, Appellee filed a motion to show cause against Appellant due to his failure to pay child support, accumulated arrearages, and one-half of the Child's expenses. On January 11, 2019, CSEA filed a motion to show cause, but subsequently dismissed the motion as Appellee had filed her own motion. The trial court conducted a hearing on Appellee's motion to show cause on June 12, 2019, at which Appellant admitted he was in contempt for failing to pay child support and other expenses. The trial court sentenced Appellant to thirty days in jail, but suspended the sentence pending Appellant's compliance with certain purge conditions. The trial court scheduled the matter for review on October 7, 2019. Appellant failed to appear at the October 7, 2019 hearing and the trial court issued a capias.

{¶4} Appellant was arrested on the capias on December 18, 2020. Following a bond hearing on December 21, 2020, Appellant was released on his own recognizance. The magistrate conducted a purge review hearing on February 8, 2021. Via Magistrate's Decision filed February 12, 22021, the magistrate found Appellant failed to purge the contempt and ordered him to serve fifteen days of his thirty-day jail sentence, commencing on April 2, 2021. The trial court approved and adopted the magistrate's decision via Judgment Entry filed February 12, 2021.

{¶5} On March 3, 2021, Appellant filed a Motion to Suspend Jail Sentence. Upon Appellant's request, the magistrate conducted a hearing on the motion on March 29, 2021. Via Magistrate's Decision filed March 30, 3021, the magistrate denied Appellant's Motion to Suspend Jail Sentence. The trial court approved and adopted the magistrate's decision via Judgment Entry filed March 30, 2021. Appellant neither objected to the magistrate's decision nor appealed the trial court's March 30, 2021 Judgment Entry. Appellant failed to report to jail on April 2, 2021. The trial court issued a capias on April 14, 2021.

{¶6} On March 8, 2022, Appellant filed a Motion to Suspend 15 Day Jail Sentence. Via Magistrate's Decision filed March 11, 2022, the magistrate dismissed the motion without a hearing. The magistrate noted the court had previously considered and denied a motion to suspend filed by Appellant; therefore, "res judicata precludes this matter from being litigated again and this Court deems the motion to be moot." March 11, 2022 Magistrate's Decision at 1.

{¶7} Appellant filed objections to the magistrate's decision. The trial court conducted a hearing on Appellant's objections on April 22, 2022. Via Judgment Entry

filed April 26, 2022, the trial court overruled Appellant's objections, reiterating the magistrate's finding "res judicata precludes this matter from being litigated again and this Court deems the motion to be moot." April 26, 2022 Judgment Entry at 1. The trial court noted the April 14, 2021 capias remained active.

**{¶8}** It is from this judgment entry Appellant appeals, raising as his sole assignment of error:

> IN AN INDIRECT CONTEMPT OF COURT CASE, THE IMPOSITION OF A JAIL SENTENCE AFTER FULLY PURGING THE CONTEMPT, EVEN THOUGH LATE, IS AN ABUSE OF DISCRETION AND MUST BE SET ASIDE.

I

**{¶9}** As an initial matter, we note we are unable to reach the merits of Appellant's assignment of error. It is well established the doctrine of res judicata bars claims which were raised or *could have been raised* on direct appeal. *State v. Davis*, 119 Ohio St.3d 422, 2008-Ohio-4608, 894 N.E.2d 1221, ¶ 6. (Emphasis added). Because Appellant could have raised this argument in a direct appeal from the trial court's March 30, 2021 Judgment Entry, denying his March 3, 2021 Motion to Suspend Jail Sentence motion, his claim is barred by res judicata.

**{¶10}** Accordingly, we overrule Appellant's sole assignment of error.

**{¶11}** The judgment of the Tuscarawas County Court of Common Pleas, Juvenile Division, is affirmed.

By: Hoffman, J.

Wise, Earle, P.J.  and

Baldwin, J. concur

HON. WILLIAM B. HOFFMAN

HON. EARLE E. WISE, JR.

HON. CRAIG R. BALDWIN