[Cite as *State v. Peck*, 2018-Ohio-3406.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
SANDUSKY COUNTY

State of Ohio                                        Court of Appeals No. S-17-031

      Appellee                              Trial Court No. 16 CR 919

v.

Kyle L. Peck                                        **DECISION AND JUDGMENT**

      Appellant                             Decided:  August 24, 2018

* * * * *

Timothy Braun, Sandusky County Prosecuting Attorney, and
Mark E. Mulligan, Assistant Prosecuting Attorney, for appellee.

Thomas J. DeBacco, for appellant.

* * * * *

**OSOWIK, J.**

**{¶ 1}** This is an appeal from a July 31, 2017 judgment of the Sandusky County

Court of Common Pleas, sentencing appellant to two, mandatory four-year terms of

incarceration, ordered to be served concurrently, following appellant's felony drug

trafficking convictions. For the reasons set forth below, this court affirms the judgment of the trial court.

**{¶ 2}** Appellant, Kyle Peck, sets forth the following assignment of error:

I. [The] trial court committed err[or] when it failed to properly advise appellant about his sentence pursuant to R.C. 2929.19.

**{¶ 3}** The following undisputed facts are relevant to this appeal. On August 11, 2016, a search warrant was executed at appellant's residence in Fremont, Ohio. Appellant possessed a history of drug activity and related offenses.

**{¶ 4}** Pursuant to the execution of the search warrant, the police officers recovered in excess of 400 opioid pills, a quantity of cash, and other items consistent with unlawful drug trafficking activity.

**{¶ 5}** On September 7, 2016, appellant was indicted on 16 drug trafficking and drug possession felony offenses, including second, third, and fourth-degree felonies.

**{¶ 6}** On July 27, 2017, pursuant to a voluntarily negotiated plea agreement, appellant pled guilty to two counts of aggravated trafficking in drugs, in violation of R.C. 2925.03, felonies of the second degree. In exchange, the remaining 14 felony drug offenses pending against appellant were dismissed.

**{¶ 7}** Significantly, the record reflects that during the change of plea hearing and colloquy, the prosecutor stated, "I just wanted to make sure in his plea form, he understands that the two years is mandatory." Defense counsel then affirmatively replied, "We've gone over that, your honor."

2.

**{¶ 8}** The record further reflects that defense counsel further stated, "[H]is mandatory time, because it's less than five years, so he's got to serve a minimum of two and one-half years, I believe that's correct." Following these discussions, the trial court explicitly inquired of appellant if he understood the mandatory nature of prison time for the offenses on which he was pleading guilty. Appellant clearly stated to the trial court that he understood.

**{¶ 9}** On July 31, 2017, appellant was sentenced to two, mandatory four-year terms of incarceration on the two offenses, ordered to be served concurrently. This appeal ensued.

**{¶ 10}** In the sole assignment of error, appellant asserts that the trial court failed to comply with R.C. 2929.19 in connection to imposing appellant's sentence. We do not concur.

**{¶ 11}** R.C. 2929.19(B)(2)(a) mandates that when a sentencing court is imposing a mandatory term of incarceration it must, "[N]otify the offender that the prison term is a mandatory prison term."

**{¶ 12}** In support of this appeal, appellant summarily asserts that the requisite R.C. 2929.19(B)(2)(a) notification to appellant of the mandatory nature of the prison term, "[D]id not happen here." Appellant further concludes, "The record shows that the court was clearly confused."

**{¶ 13}** Our review of the record does not comport with appellant's position. The record reflects that any preliminary confusion on the part of the trial court was fully,

3.

properly, and timely resolved. It did not undermine the propriety of the trial court proceedings or the subject trial court sentence.

{¶ 14} The record reflects that although the trial court initially stated that it had mistakenly believed on a preliminary basis that there were not mandatory minimum terms of incarceration associated with the offenses to which appellant was pleading guilty, both the prosecutor and counsel for appellant promptly clarified to the trial court that there were mandatory minimum terms of incarceration triggered by these pleas, that appellant was informed by counsel of the mandatory minimums, and that appellant understood the mandatory nature of the incarceration arising from the plea agreement.

{¶ 15} The record further reflects that the trial court subsequently, directly inquired of appellant if he understood the mandatory nature of the prison term associated with the offenses and appellant unambiguously verified to the trial court his understanding. The record consistently reflects that a full and proper Crim.R. 11 colloquy was conducted.

{¶ 16} We have reviewed and considered the record of evidence in this matter. We find that the record clearly reflects no impropriety in appellant's change of plea hearing and sentencing. The record reflects no breach of Crim.R. 11 or any of the relevant sentencing statutes.

4.

**{¶ 17}** Wherefore, we find appellant's assignment of error not well-taken. The judgment of the Sandusky County Court of Common Pleas is hereby affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J.          _____

Thomas J. Osowik, J.        JUDGE

Christine E. Mayle, P.J.      _____
CONCUR.                            JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions. Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.