[Cite as *State v. Peck*, 2020-Ohio-5444.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
SANDUSKY COUNTY

State of Ohio                                          Court of Appeals No. S-20-008

  Appellee                                Trial Court No. 16 CR 919

v.

Kyle L. Peck                                          **DECISION AND JUDGMENT**

  Appellant                               Decided:  November 25, 2020

* * * * *

Beth A. Tischler, Sandusky County Prosecuting Attorney,
and Alexis M. Hotz, Assistant Prosecuting Attorney, for appellee.

Kyle L. Peck, pro se.

* * * * *

**SINGER, J.**

{¶ 1} Appellant, Kyle L. Peck, appeals pro se from the December 23, 2019 judgment of the Sandusky County Court of Common Pleas denying appellant's motion to compel specific performance of the plea agreement he entered into in this case.  For the reasons which follow, we affirm.

**{¶ 2}** He asserts the following assignment of error:

TRIAL COURT COMMITTED ERROR WHEN IT

SENTENCED MR. PECK TO A TERM OF INCARCERATION IN

EXCESS OF WHAT THE COURT AGREED TO AT THE TIME

MR. PECK'S PLEA WAS ACCEPTED.

**{¶ 3}** Appellant was charged in a 16-count indictment. On July 28, 2017, he and the state entered into a plea agreement, which provided that he would enter guilty pleas to two second-degree felony counts of aggravated trafficking in drugs. Appellant acknowledged in the written plea agreement that he would be sentenced to a mandatory prison term of 2-8 years for each count. While the state agreed to recommend a prison term of 3-to-4 years, the prosecutor stated during the change of plea hearing he wanted to make sure appellant understood "that the two years is mandatory." Defense counsel also indicated that there was a mandatory term.

**{¶ 4}** A sentencing hearing was held on July 31, 2017, and the court sentenced appellant to a mandatory term of 4 years on each count, with the sentences to run concurrent to each other. No objection was made by appellant to the sentence imposed. Appellant's sentence was affirmed on appeal. *State v. Peck*, 6th Dist. Sandusky No. S-17-031, 2018-Ohio-3406, ¶ 17. The only issue raised on appeal was the issue of whether appellant was properly informed prior to changing his plea that he was subject to mandatory minimum terms of incarceration and that he understood he was subject to a mandatory prison term on each count. *Id*. at ¶ 14-15. A motion for delayed appeal from

2.

that decision was denied by the Ohio Supreme Court. *State v. Peck*, 154 Ohio St.3d 1442, 2018-Ohio-4962, 113 N.E.3d 551.

{¶ 5} However, on December 18, 2019, appellant filed a pro se motion to compel specific performance of the plea agreement. He acknowledges that he raised on direct appeal the issue of whether he was properly advised of the terms of the plea agreement but he believed the plea agreement provided for a two-year mandatory term, which would allow for judicial release after two years and six months. He first asserts that the additional conditions in the plea agreement were vague and ambiguous. He argues the state's recommendation of 3-4 years was not clear because it did not indicate what portion of the recommendation represented mandatory terms and did not mention judicial release eligibility. He further argues that the lengthy discussion at the plea hearing regarding his potential sentence evidences that the plea agreement was unclear regarding the sentence and judicial release eligibility. Secondly, he asserts the prosecution breached its promise that appellant would be sentenced to the agreed term of imprisonment and, therefore, he sought to withdraw his guilty plea. The trial court denied the motion and appellant appealed the decision.

{¶ 6} We have reviewed appellant's arguments and find the arguments lack merit. First, this case did not involve a joint sentencing agreement. A plea agreement is a negotiation of the plea, not the sentence, which is a matter to be determined by statute and may require an exercise of the trial court's discretion. Crim.R. 11(F); *State v. Bagner, Jr.*, 6th Dist. Lucas No. L-19-1158 (Oct. 30, 2020) (citations omitted). Second,

3.

appellant could also have raised the issue of whether the prosecution violated the plea agreement in the direct appeal because the plea agreement was part of the record on appeal. Therefore, the issues raised in appellant's motion to compel specific performance of the plea agreement are now barred under the doctrine of res judicata. *State v. Davis*, 119 Ohio St.3d 422, 2008-Ohio-4608, 894 N.E.2d 1221, ¶ 6 (citations omitted).

{¶ 7} Therefore, we find appellant's sole assignment of error not well-taken.

{¶ 8} Having found that the trial court did not commit error prejudicial to appellant and that substantial justice has been done, the judgment of the Sandusky County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J. _____

_____
JUDGE

Arlene Singer, J. _____

Thomas J. Osowik, J. _____
CONCUR.

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.