[Cite as *In re L.N.*, 2017-Ohio-9062.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY


In re L.N.

Court of Appeals No. WD-16-043

Trial Court No. 2014JA0881


<u>**DECISION AND JUDGMENT**</u>

Decided: December 15, 2017

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney, and
David T. Harold, Assistant Prosecuting Attorney, for appellee.

Timothy Young, Ohio Public Defender, and Victoria Bader,
Assistant State Public Defender, for appellant.

* * * * *

**OSOWIK, J.**

{¶ 1} L.N. has filed a timely App.R. 26(B) application to reopen his appeal. For the following reasons, we grant the application.

## Procedural History

**{¶ 2}** By decision journalized on October 29, 2014, the Wood County Court of Common Pleas, Juvenile Division, adjudicated L.N. delinquent to the offense of one count of gross sexual imposition, in violation of R.C. 2907.05(A)(4), a third-degree felony in delinquency. The conviction stemmed from the charge that L.N., then 15 years old, had unlawful sexual contact with his four-year-old sister. The court committed L.N. to the Ohio Department of Youth Services (ODYS) and then immediately suspended its disposition, on the condition that L.N. complete treatment at the Juvenile Residential Center of Northwest Ohio (JRCNO).

**{¶ 3}** On April 7, 2015, while receiving treatment at JRCNO, L.N. was charged in a separate case of gross sexual imposition, alleged to have occurred when L.N. was 13 years old.

**{¶ 4}** On June 23, 2015, following an adjudication proceeding, the juvenile court terminated L.N.'s probation in the first case and committed him to ODYS based upon the new case.

**{¶ 5}** L.N. remained in ODYS until August 4, 2016. On that day, the juvenile court held a sexual offender registration and tier classification hearing, at the conclusion of which it classified L.N. as a Tier II sex offender.

**{¶ 6}** L.N. appealed. He argued that the trial court committed plain error by failing to conduct the hearing in accordance with R.C. 2152.83(B)(1). The statute requires that a classification hearing be held "at the time of disposition of the child" or "at

2.

the time of the child's release from the secure facility." L.N. argued that the juvenile court should have held the hearing at the time it ordered him to JRCNO (on October 29, 2014) or at the time it released L.N. from JRCNO and immediately ordered him to ODYS (on June 23, 2015).

{¶ 7} On June 23, 2017, we affirmed the juvenile court's decision. *In re. L.N.*, 6th Dist. Wood No. WD-16-043, 2017-Ohio-7107. We held,

> We need not, and indeed cannot, decide whether the trial court's decision to hold L.N.'s classification hearing [on August 4, 2016] was reasonable, or not, for the reason that the record before us is incomplete. * * * Because L.N. did not request the transcript in his praecipe or otherwise provide this court with a transcript of the juvenile court's proceedings, most notably the classification hearing held on July 18 and August 4, 2016, we must presume that the court's rulings, with respect to his assignment of error, were correct. *State v. Vascik*, 6th Dist. Lucas No. L-10-1130, 2011-Ohio-975, ¶ 18-19, citing *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199, 400 N.E.2d 384 (1989). *Id.* at ¶ 19, 22.

{¶ 8} On September 15, 2017, the Office of the Ohio Public Defender filed an application to reopen the appeal and the state filed a response.

3.

## Law and Analysis

{¶ 9} Under App.R. 26(B)(1), a criminal defendant can apply for reopening of his appeal from a judgment of conviction and sentence based on a claim of ineffective assistance of appellate counsel. The application for reopening "shall be granted if there is a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal." App.R. 26(B)(5).

{¶ 10} The two-prong analysis found in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 67 (1984) is the appropriate standard to assess a defense request for reopening under App.R. 26(B)(5). *State v. Spivey*, 84 Ohio St.3d 24, 25, 701 N.E.2d 696 (1998). Thus, the applicant "must prove that his counsel were deficient for failing to raise the issues he now presents, as well as showing that had he presented those claims on appeal, there was a "reasonable probability" that he would have been successful." *Id.* citing *State v. Reed,* 74 Ohio St.3d 534, 535, 660 N.E.2d 456 (1996). The applicant "bears the burden of establishing that there was a 'genuine issue' as to whether he has a 'colorable claim' of ineffective assistance of counsel on appeal." *Id.,* citing *Reed.*

{¶ 11} An application to reopen "shall include * * * [o]ne or more * * * arguments in support of assignments of error that previously * * * were considered on an incomplete record because of appellate counsel's deficient representation."

{¶ 12} L.N. argues that his appeal—on the issue of the timing of his classification hearing—was considered on an incomplete record and that his counsel was responsible

4.

for that omission. Indeed, the duty to provide a transcript for appellate review falls upon the appellant. *Knapp*, 61 Ohio St.2d at 199, 400 N.E.2d 384. *See also* App.R. 9(B)(3) ("[T]he appellant shall order the transcript in writing and shall file a copy of the transcript order with the clerk of the trial court.").

{¶ 13} The state counters that the appeal should not be reopened because the proposed assignments of error can be resolved without reference to the transcripts and because L.N.'s appellate counsel made a "sound strategic decision" to avoid having the hearings transcribed.

{¶ 14} We disagree with the state. Whether L.N.'s original appellate counsel made a conscious decision or not to order the transcript of proceedings, it was incumbent on counsel to do so. Moreover, the absence of the record was prejudicial to L.N. inasmuch as it precluded our review of the merits of his assignment of error. Accordingly, we find that there is genuine issue as to whether, if the transcript of proceedings had been available for this court's review, L.N. would have had a reasonable probability of successfully demonstrating that the juvenile court erred in holding the classification hearing when it did. Under App.R. 26(B), this court shall grant the application upon finding such an issue. Therefore, L.N.'s motion for reopening is granted.

{¶ 15} This case shall proceed as on an initial appeal on the sole issues presented in L.N.'s application, pursuant to App.R. 26(B)(7). L.N.'s brief shall be filed within 20 days of the date of this judgment. The state may serve and file its brief within twenty

5.

days after service of L.N.'s brief, and L.N. shall file any reply within ten days after service of the state's brief.  *See* App.R. 18(A).

{¶ 16} The clerk shall serve notice of journalization of the entry of this order on the parties and the clerk of the trial court.  It is so ordered.

Application granted.

Mark L. Pietrykowski, J.                    _____
                                                       JUDGE

Arlene Singer, P.J.

Thomas J. Osowik, J.                     _____
CONCUR.                                                          JUDGE

_____
                                                       JUDGE

6.