[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Pettus*, Slip Opinion No. 2020-Ohio-4836.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2020-OHIO-4836

THE STATE OF OHIO, APPELLEE, *v*. PETTUS, APPELLANT.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Pettus*, Slip Opinion No. 2020-Ohio-4836.]**

*Criminal law—R.C. 2913.61(C)(1)—R.C. 2913.61(C)(1) allows for the aggregation of multiple theft offenses involving one victim into a single count, regardless of the status of the victim—Certified-conflict case dismissed as improvidently certified—Court of appeals' judgment affirmed.*

(Nos. 2019-0914 and 2019-1027—Submitted June 16, 2020—Decided October 13, 2020.)

APPEAL from and CERTIFIED by the Court of Appeals for Hamilton County, No. C-170712, 2019-Ohio-2023.

_____

**FISCHER, J.**

{¶ 1} In this appeal, we are asked to determine whether R.C. 2913.61(C)(1) permits aggregation of certain theft offenses only when the victim is an elderly person, a disabled adult, an active-duty service member, or a spouse of an active-

duty service member. We conclude that the language of the statute unambiguously allows for the aggregation of multiple theft offenses involving one victim into a single count, regardless of the status of the victim.

## I. Factual and Procedural Background

{¶ 2} In connection with multiple alleged incidents of passing fraudulent checks at four separate banks, appellant, Lashawn Pettus, was charged with four counts of theft in violation of R.C. 2913.02(A)(3), among other charges. Each count of theft related to a different bank, and Pettus was alleged to have presented multiple fraudulent checks to each bank. In accordance with R.C. 2913.61(C)(1), each theft count aggregated the multiple instances of theft alleged against each respective bank.

{¶ 3} Pettus filed a motion to dismiss each of the four theft counts. In support of his motion, he argued that each count was improperly aggregated into one offense, because R.C. 2913.61(C)(1) permits aggregation only when the victim of a theft offense was an elderly person, a disabled adult, an active-duty member of the military, or the spouse of an active-duty member of the military. The trial court denied Pettus's motion to dismiss. After a bench trial, the court found Pettus guilty of each theft offense.

{¶ 4} The First District Court of Appeals vacated Pettus's sentences in part and remanded for resentencing after concluding that the trial court erred in imposing consecutive sentences without making required findings at the sentencing hearing. 2019-Ohio-2023, ¶ 85. The appellate court otherwise affirmed the trial court's judgment. *Id.* In doing so, the First District rejected Pettus's argument that the trial court erred by denying his motion to dismiss. *Id.* at ¶ 39-40. The court stated that R.C. 2913.61(C)(1) is unambiguous and that based on the plain language of the statute, the clause requiring that the victim of an offense be an elderly person or disabled adult is limited to violations of R.C. 2913.31 and 2913.43. *Id.* at ¶ 36. The court accordingly held that R.C. 2913.61(C)(1) does not limit the aggregation

of theft offenses under R.C. 2913.02 to theft offenses involving victims who are elderly persons, disabled adults, or military persons. *Id*. at ¶ 39.

{¶ 5} The First District certified a conflict after determining that its judgment was in conflict with the Twelfth District's judgment in *State v. Phillips*, 12th Dist. Clinton No. CA2009-03001, 2010-Ohio-2711. This court determined that a conflict exists and ordered briefing on the conflict question certified by the First District:

> When a defendant is convicted of multiple theft offenses committed in the offender's same employment, capacity, or relationship to another, does R.C. 2913.61(C) permit the offenses to be aggregated where the victim of the offense is not an elderly person, a disabled adult, or an active duty service member or spouse of an active duty service member?

*See* 157 Ohio St.3d 1417, 2019-Ohio-3797, 131 N.E.3d 955. This court also accepted jurisdiction over the first proposition of law set forth in Pettus's jurisdictional appeal: "R.C. 2913.61(C)(1) allows aggregation of theft offenses only when the victims are elderly or disabled or who are in the military or who are spouses of those in the military." *See* 157 Ohio St.3d 1419, 2019-Ohio-3797, 131 N.E.3d 962. We consolidated the conflict case and jurisdictional case. *Id.*

## II. The Conflict Portion of this Case Was Improvidently Certified

{¶ 6} Before analyzing the issue in this appeal, we first dismiss the certified-conflict case as improvidently certified. In order for a conflict to be properly before us, the judgment of the court of appeals certifying the conflict must conflict with the judgment of another court of appeals upon the same question. *Whitelock v. Gilbane Bldg. Co.*, 66 Ohio St.3d 594, 596, 613 N.E.2d 1032 (1993). After reviewing the record in this case, we conclude that there is not a certifiable conflict

between the First District's judgment in this case and the Twelfth District's judgment in *Phillips*. The facts of the two cases render them distinct.

{¶ 7} In *Phillips*, the state charged the defendant with a single violation of R.C. 2913.02(A)(1) that aggregated thefts involving multiple victims. 2010-Ohio-2711 at ¶ 5. The Twelfth District sua sponte raised the issue whether the state properly tried all the alleged theft offenses as a single offense. *Id.* at ¶ 64. In doing so, it first considered whether the offenses could be aggregated under R.C. 2913.61(C)(2), which permits aggregation of offenses in certain cases involving multiple victims. *Id.* at ¶ 70. After analyzing that statute, it concluded that R.C. 2913.61(C)(2) did not permit aggregation under the facts in *Phillips*. *Id.* at ¶ 70-71. It then proceeded to state that "R.C. 2913.61(C)(1) does not apply because the subsection is limited to thefts involving elderly or disabled victims, through the offender's employment, capacity, or relationship with another." *Id.* at ¶ 72. Notably, the court engaged in no analysis of R.C. 2913.61(C)(1) beyond that conclusory statement that the statute did not apply in the case.

{¶ 8} Unlike *Phillips*, this case does not involve aggregation of thefts involving multiple victims into a single count. Instead, this case involves aggregation of multiple thefts involving one victim into a single count for each victim. Given this significant difference, we conclude that the two cases are not in conflict upon the same question. We accordingly dismiss the certified-conflict case as improvidently certified.

### III. Analysis

{¶ 9} Despite dismissing the certified-conflict case, our consideration of the proposition of law presented in Pettus's jurisdictional appeal provides us an opportunity to determine whether R.C. 2913.61(C)(1) permits aggregation of theft offenses only when the victims are elderly persons, disabled adults, active-duty members of the military, or spouses of those military members.

4

{¶ 10} Statutory interpretation is a question of law that is reviewed de novo. *State ex rel. Natl. Lime & Stone Co. v. Marion Cty. Bd. of Commrs.*, 152 Ohio St.3d 393, 2017-Ohio-8348, 97 N.E.3d 404, ¶ 14, citing *Ceccarelli v. Levin*, 127 Ohio St.3d 231, 2010-Ohio-5681, 938 N.E.2d 342, ¶ 8. When construing a statute, our primary concern is legislative intent. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 8. When determining legislative intent, we first look to the plain language of the statute, and if that language is unambiguous and definite, we apply it as written. *Summerville v. Forest Park*, 128 Ohio St.3d 221, 2010-Ohio-6280, 943 N.E.2d 522, ¶ 18, citing *Hubbell v. Xenia*, 115 Ohio St.3d 77, 2007-Ohio-4839, 873 N.E.2d 878, ¶ 11.

{¶ 11} "To discern legislative intent, we read words and phrases in context and construe them in accordance with rules of grammar and common usage." *Mahoning Edn. Assn. of Dev. Disabilities v. State Emp. Relations Bd.*, 137 Ohio St.3d 257, 2013-Ohio-4654, 998 N.E.2d 1124, ¶ 15. When interpreting a statute, " 'significance and effect should, if possible, be accorded to every word, phrase, sentence and part of an act.' " *Weaver v. Edwin Shaw Hosp.*, 104 Ohio St.3d 390, 2004-Ohio-6549, 819 N.E.2d 1079, ¶ 13, quoting *Wachendorf v. Shaver*, 149 Ohio St. 231, 78 N.E.2d 370 (1948), paragraph five of the syllabus. Furthermore, "we determine the intent of the legislature by considering the object sought to be attained." *Symmes Twp. Bd. of Trustees v. Smyth*, 87 Ohio St.3d 549, 554, 721 N.E.2d 1057 (2000).

{¶ 12} R.C. 2913.61(C)(1) provides:

When a series of offenses under section 2913.02 of the Revised Code, or a series of violations of, attempts to commit a violation of, conspiracies to violate, or complicity in violations of division (A)(1) of section 1716.14, section 2913.02, 2913.03, or 2913.04, division (B)(1) or (2) of section 2913.21, or section

2913.31 or 2913.43 of the Revised Code involving a victim who is an elderly person or disabled adult, is committed by the offender in the offender's same employment, capacity, or relationship to another, all of those offenses shall be tried as a single offense. When a series of offenses under section 2913.02 of the Revised Code, or a series of violations of, attempts to commit a violation of, conspiracies to violate, or complicity in violations of section 2913.02 or 2913.43 of the Revised Code involving a victim who is an active duty service member or spouse of an active duty service member is committed by the offender in the offender's same employment, capacity, or relationship to another, all of those offenses shall be tried as a single offense. The value of the property or services involved in the series of offenses for the purpose of determining the value as required by division (A) of this section is the aggregate value of all property and services involved in all offenses in the series.

{¶ 13} As can be seen in the clauses that form the first sentence of the provision, R.C. 2913.61(C)(1) provides for aggregation in two separate and distinct instances. First, the statute provides for aggregation when there has been a "series of offenses" under R.C. 2913.02, which proscribes theft. Second, the statute provides for aggregation when there has been a "series of violations of, attempts to commit a violation of, conspiracies to violate, or complicity in violations of" certain listed offenses involving a victim who is an elderly person or disabled adult. This reading is not only logical given the structure of the sentence, but it is also necessary in order to accord full meaning to the provision.

{¶ 14} With his proposition of law, Pettus argues that the portion of the sentence requiring that the victim be an elderly person or disabled adult applies to

all offenses listed in the statute. This reading, however, renders a portion of the statute redundant, and we generally will not approve of a reading of a statute that renders its words superfluous. *See E. Ohio Gas Co. v. Pub. Util. Comm.*, 39 Ohio St.3d 295, 299, 530 N.E.2d 875 (1988). The redundancy inherent in Pettus's preferred reading of the statute is embodied in the provision's dual references to R.C. 2913.02. If the "elderly person or disabled adult" clause applies to both references to R.C. 2913.02, then one of the references to R.C. 2913.02 is redundant. Instead, in order to accord full meaning to the provision, we must read the "elderly person or disabled adult" clause as having limited application. As noted above, the "elderly person or disabled adult" clause applies to a series of violations of, attempts to commit a violation of, conspiracies to violate, or complicity in violations of R.C. 2913.02. When, however, a person commits a series of R.C. 2913.02 offenses, the offenses will be aggregated, regardless of the status of the victim.

{¶ 15} R.C. 2913.61(C)(1) thus clearly delineates between the two instances in which theft offenses may be aggregated: (1) when an individual commits a series of theft offenses and (2) when an individual commits a series of violations of, attempts to commit a violation of, conspiracies to violate, or complicity in violations of the theft statute involving a victim who is an elderly person or disabled adult. (It bears noting that pursuant to the final clause of the first sentence of R.C. 2913.61(C)(1), the offenses must have been committed by the offender in the offender's same employment, capacity, or relationship to another in order to be aggregated.) In other words, theft offenses can be aggregated under the first clause of R.C. 2913.61(C)(1), regardless of the status of the victim, while other series of violations of offenses listed in (C)(1), attempts to commit those offenses, conspiracies to commit those offenses, and complicity in those offenses can be aggregated only when the victim is an elderly person or disabled adult.

{¶ 16} This analysis also applies to the second sentence of R.C. 2913.61(C)(1), as the subsection's first and second sentences are substantially similar. Like the first sentence, the second sentence of R.C. 2913.61(C)(1) initially states that a series of theft offenses under R.C. 2913.02 can be aggregated regardless of the status of the victim, while the second part of the sentence states that a series of violations of, attempts to commit a violation of, conspiracies to violate, or complicity in violations of R.C. 2913.02 or 2913.43 are aggregated only when the offenses involve a victim who is an active-duty service member or the spouse of an active-duty service member. The absence of a comma in the second sentence (following the phrase "involving a victim who is an active duty service member or spouse of an active duty service member") does not change this.

{¶ 17} We also note that we see no significant distinction between "offenses" and "violations" as used in the statute. The definitional statute of Title 29 of the Revised Code treats the two words as functionally synonymous. *See, e.g.*, R.C. 2901.01(A)(9) (establishing that a "violation" of certain statutes, laws, or ordinances constitutes an "offense of violence"). We accordingly conclude that there is no meaningful difference in R.C. 2913.61(C) between the use of "offenses" in relation to R.C. 2913.02 and "violations" in relation to other statutes.

{¶ 18} In light of the above analysis, we hold that the unambiguous language of R.C. 2913.61(C)(1) allows aggregation of theft offenses, regardless of the status of the victim. Having determined that the statute is unambiguous, we apply it as written, engage in no further analysis, and decline to address arguments relating to the legislature's intent in enacting R.C. 2913.61(C)(1), whether the language of R.C. 2913.61(C)(1) achieves its intended effect, and whether other statutory language would be preferable.

## IV. Conclusion

{¶ 19} We dismiss the certified-conflict case as improvidently certified. As to the jurisdictional appeal, we conclude that R.C. 2913.61(C)(1) is unambiguous

in allowing for the aggregation of multiple theft offenses involving one victim into a single count, regardless of the status of the victim. We accordingly affirm the judgment of the First District.

Judgment affirmed.

O'CONNOR, C.J., and KENNEDY, FRENCH, WILLAMOWSKI, DONNELLY, and STEWART, JJ., concur.

JOHN R. WILLAMOWSKI, J., of the Third District Court of Appeals, sitting for DEWINE, J.

_____

Joseph T. Deters, Hamilton County Prosecuting Attorney, and Scott M. Heenan, Assistant Prosecuting Attorney, for appellee.

Anzelmo Law and James A. Anzelmo, for appellant.

_____