[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *In re T.A.*, Slip Opinion No. 2022-Ohio-4173.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2022-OHIO-4173

IN RE T.A.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *In re T.A.*, Slip Opinion No. 2022-Ohio-4173.]

*Criminal law—Juvenile law—App.R. 26(B)—A person adjudicated a juvenile delinquent may not reopen his or her direct appeal from the adjudication based on a claim of ineffective assistance of appellate counsel under App.R. 26(B)—Although App.R. 26(B) does not apply to a direct appeal from a juvenile adjudication, the appellant may avail himself or herself of the pre-rule procedures described in* State v. Murnahan—*Certified question answered in the negative and court of appeals' judgment affirmed.*

(No. 2021-1018—Submitted May 10, 2022—Decided November 29, 2022.)

CERTIFIED by the Court of Appeals for Medina County, No. 19CA0025-M, 2020-Ohio-3613.

_____

O'CONNOR, C.J.

{¶ 1} In this certified-conflict case, we address the question whether a person adjudicated a juvenile delinquent may reopen his or her direct appeal from

the adjudication based on a claim of ineffective assistance of appellate counsel under App.R. 26(B). Because the plain language of the rule does not refer to juvenile adjudications and says that only "[a] defendant in a criminal case may apply for reopening of the appeal from the judgment of conviction and sentence," App.R. 26(B)(1), we answer the certified-conflict question in the negative. We therefore affirm the judgment of the Ninth District Court of Appeals.

## RELEVANT BACKGROUND

{¶ 2} The juvenile division of the Medina County Court of Common Pleas adjudicated T.A. a delinquent child, and in July 2020, the Ninth District affirmed that judgment. *In re T.A.*, 9th Dist. Medina No. 19CA0025-M, 2020-Ohio-3613, ¶ 1.

{¶ 3} In October 2020, T.A. filed an application in the Ninth District to reopen his direct appeal under App.R. 26(B). That rule states: "A defendant in a criminal case may apply for reopening of the appeal from the judgment of conviction and sentence, based on a claim of ineffective assistance of appellate counsel." App.R. 26(B)(1). In a two-to-one decision, the Ninth District denied the application, concluding that it could not reach its merits because "while [T.A.] was adjudicated delinquent in this matter, the plain language of App.R. 26(B) only provides for a defendant in a *criminal* case to apply for reopening of the appeal from the judgment of *conviction* and sentence." (Emphasis sic.) 9th Dist. Medina No. 19CA0025-M, at 1 (Dec. 28, 2020). The majority reasoned that because juvenile adjudications are not criminal convictions and App.R. 26(B) refers to only a "judgment of conviction," a child adjudicated delinquent may not apply for reopening of his or her appeal from the adjudication under the rule.

{¶ 4} Although the majority agreed with the dissenting judge, stating that "the application of the rule, as written, raises significant concerns for juvenile delinquents," 9th Dist. Medina No. 19CA0025-M, at 2 (Dec. 28, 2020), it ultimately determined that it must apply the rule as written and "as adopted by the Supreme

Court [of Ohio] and ask that Court to request the * * * Commission on the Rules of Practice and Procedure in Ohio Courts to review the issue to determine whether to recommend that the rule be amended," *id.* at 3.

{¶ **5**} On T.A.'s motion, the Ninth District certified that a conflict existed between its decision on the issue and the decision of the Sixth District Court of Appeals in *In re L.N.*, 6th Dist. Wood No. WD-16-043, 2017-Ohio-9062. A judge on the panel dissented from the court of appeals' decision to certify a conflict, asserting that although the Sixth District granted the juvenile's application for reopening under App.R. 26(B) in *L.N.*, the Sixth District "did not consider or decide the specific legal issue of whether juveniles adjudicated delinquent are permitted to apply for reopening under App.R. 26(B)." 9th Dist. Medina No. 19CA0025-M, at 3 (July 16, 2021) (Teodosio, J., dissenting).

{¶ **6**} By a unanimous vote, this court determined that a conflict existed in the courts of appeals and accepted the following certified-conflict question for review: " 'Does App.R. 26(B) allow juvenile offenders to reopen their direct appeals based on claims of ineffective assistance of appellate counsel?' " 164 Ohio St.3d 1456, 2021-Ohio-3438, 174 N.E.3d 803, quoting 9th Dist. Medina No. 19CA0025-M, at 2 (July 16, 2021).

## ANALYSIS

*The certified question is properly before this court*

{¶ **7**} The Ninth District determined that its decision in this case was in conflict with the Sixth District's decision in *L.N.* L.N., like T.A., was adjudicated delinquent by a juvenile court, and the Sixth District affirmed L.N.'s adjudication and disposition on direct appeal, *id.* at ¶ 2, 7. L.N. then filed an application to reopen his appeal under App.R. 26(B), *L.N.* at ¶ 8, arguing that his appellate counsel had provided ineffective assistance by failing to submit to the appellate court the relevant transcript of the juvenile-court proceedings, which had been necessary for the appellate court to consider his assertion that the juvenile court had erred with

respect to the timing of his sex-offender-classification hearing, *id.* at ¶ 12. The Sixth District did not specifically address the question presented here: whether App.R. 26(B) applies to a direct appeal from a juvenile court's delinquency adjudication. It nonetheless assumed that the rule was applicable to direct appeals from juvenile adjudications, because it addressed the merits of the application to reopen and determined that there was a genuine issue as to whether L.N.'s appellate counsel had been ineffective. *See id.* at ¶ 14.

{¶ 8} We have recognized three requirements for certifying a conflict: (1) the purportedly conflicting court of appeals' judgments must be " 'upon the same question,' " (2) the conflict must be on a rule of law, not the facts of the cases, and (3) the court of appeals certifying the conflict must clearly set forth the rule of law that it contends is in conflict with a judgment by another court of appeals. *Whitelock v. Gilbane Bldg. Co.*, 66 Ohio St.3d 594, 596, 613 N.E.2d 1032 (1993), quoting Ohio Constitution, Article IV, Section 3(B)(4). The state argues that "[t]his case was improvidently certified as a conflict," citing the dissenting judge's opinion below, which asserted that the claimed conflict is not "upon the same question" because "[t]here is no indication that the parties in *In re L.N.*[, 2017-Ohio-9062,] briefed or argued the specific issue of App.R. 26(B)'s application to juvenile delinquents, or that the court then analyzed and decided that issue."

{¶ 9} The state did not contest T.A.'s App.R. 26(B) application in the court of appeals on the ground that the rule does not apply to direct appeals from juvenile adjudications. Instead, the state argued that T.A. was not entitled to relief on the merits of his application. Nonetheless, the Ninth District addressed the question of the applicability of App.R. 26(B). And after T.A. had moved to certify a conflict on the question, the state asserted its agreement with the court of appeals that App.R. 26(B) does not apply to direct appeals from juvenile adjudications.

{¶ 10} The absence of briefing by the parties or analysis by the Sixth District in *L.N.* on the issue, however, does not control whether the courts of

appeals' judgments forming the basis of the asserted conflict are "upon the same question," Article IV, Section 3(B)(4). We are confronted here with a classic conflict on a legal question between the judgments of two Ohio appellate districts. Based on *L.N.*, appellants challenging their juvenile-delinquency adjudications in the Sixth District may use App.R. 26(B) to reopen their direct appeals, while appellants challenging their juvenile-delinquency adjudications in the Ninth District may not. Given that the different outcomes between the judgments of the Ninth and Sixth Districts are rooted in the same legal question, we are not persuaded that the conflict question was improvidently certified.

{¶ 11} We turn now to the merits of the certified question.

### The certified question

{¶ 12} In *State v. Murnahan*, 63 Ohio St.3d 60, 65, 584 N.E.2d 1204 (1992), this court held that claims of ineffective assistance of appellate counsel are not cognizable in postconviction proceedings under R.C. 2953.21. This court recognized in *Murnahan*, however, that such claims may go undiscovered during the time permitted for seeking reconsideration in the court of appeals or the time permitted for filing an appeal in this court and, as a result, it would be necessary for such appellants to request delayed reconsideration in the court of appeals or this court to raise ineffective-appellate-counsel claims. *Id.* at 65-66. But due to the potential for the doctrine of res judicata to bar such delayed requests, a solution was required. *See State v. Davis*, 119 Ohio St.3d 422, 2008-Ohio-4608, 894 N.E.2d 1221, ¶ 9-12. Thus, "the court in *Murnahan* softened the effect that res judicata would have in a delayed appeal," *id.* at ¶ 10, and set forth the following process as a solution:

[I]n an individual case where a defendant has put forth a colorable claim of ineffective assistance of appellate counsel, where the circumstances render the application of res judicata unjust, and the

time periods for reconsideration in courts of appeals and direct appeal to this court have expired, he or she must: (1) apply for delayed reconsideration in the court of appeals where the alleged error took place pursuant to App.R. 26 and 14(B), and if delayed reconsideration is denied, then (2) file for delayed appeal in this court pursuant to Section 8, Rule II of the Rules of Practice of the Supreme Court.

(Footnotes deleted.) *Murnahan* at 66. In other words, "in a case where the time for direct appeal had elapsed, *Murnahan* sought to balance a just application of res judicata against the merits of a defendant's claim of ineffective assistance of appellate counsel" and "evinced a preference against purely procedural dismissals." *Davis* at ¶ 12.

{¶ 13} Notably, this court in *Murnahan* recommended that "the Rules Advisory Committee appointed by this court review whether an amendment to App.R. 14(B) or a new rule should be adopted to better serve claimants in this position." *Murnahan* at 66, fn. 6. App.R. 26(B) is the result of that recommendation. *Davis* at ¶ 13 ("To be sure, App.R. 26(B) emanates directly from *Murnahan*"); 1993 Staff Notes, App.R. 26(B) ("The 1993 amendment was in response to the Supreme Court's opinion in [*Murnahan*]"). App.R. 26(B) sets forth the procedure by which defendants in criminal cases may bring delayed claims of ineffective assistance of appellate counsel by filing an application to reopen his or appeal direct appeal in the appellate court. *See Davis* at ¶ 13. The question in this case is whether offenders in juvenile cases may use App.R. 26(B) to do the same.

{¶ 14} App.R. 26(B)(1) states: "A defendant in a criminal case may apply for reopening of the appeal from the judgment of conviction and sentence, based on a claim of ineffective assistance of counsel." The rule goes on to describe the procedural and substantive requirements for such an application, but the preceding

quoted sentence is relevant here because we must determine whether a person adjudicated delinquent in juvenile court, like T.A., is a "defendant in a criminal case" seeking to reopen an appeal "from the judgment of conviction and sentence," *id.*

**{¶ 15}** The Ninth District determined that T.A. was not a defendant in a *criminal* case seeking to reopen his appeal from a judgment of *conviction* and sentence, citing *State v. Hand*, 149 Ohio St.3d 94, 2016-Ohio-5504, 73 N.E.3d 448, in which this court determined that "a juvenile adjudication is not a conviction of a crime and should not be treated as one," *id.* at ¶ 38. The court of appeals emphasized the lack of specific language in App.R. 26(B) referring to juvenile-delinquency proceedings. Citing other appellate rules of procedure that refer specifically to juvenile-court proceedings, including App.R. 5(A) and App.R. 7, the court of appeals reasoned, "Had the drafters [of App.R. 26(B)] intended [the rule] to also apply to delinquency adjudications, they could have easily stated so." *See also* App.R. 5(A)(1) (providing that after the 30-day period for filing a timely appeal under App.R. 4(A) has expired, a defendant may seek leave to appeal in criminal proceedings, "[d]elinquency proceedings," and "[s]erious youthful offender proceedings"); App.R. 7(C) ("No order, judgment, or decree of a juvenile court * * * shall be stayed upon appeal").

**{¶ 16}** We use general principles of statutory construction to interpret court rules. *State ex rel. Law Office of Montgomery Cty. Pub. Defender v. Rosencrans*, 111 Ohio St.3d 338, 2006-Ohio-5793, 856 N.E.2d 250, ¶ 23. Thus, as we do when considering a statute, we apply a rule as written when its meaning is unambiguous and definite. *See State ex rel. Savarese v. Buckeye Local School Dist. Bd. of Edn.*, 74 Ohio St.3d 543, 545, 660 N.E.2d 463 (1996). An unambiguous rule should be applied by giving effect to its language without adding or deleting words. *See Armstrong v. John R. Jurgensen Co.*, 136 Ohio St.3d 58, 2013-Ohio-2237, 990 N.E.2d 568, ¶ 12.

**{¶ 17}** We agree with the Ninth District that App.R. 26(B), on its face, does not include language referring to appeals from juvenile adjudications. The language used in the rule—both its reference to a defendant in a *criminal case* and an appeal from a judgment of *conviction* and sentence—is not the plain language ordinarily used to describe juvenile adjudications and dispositions. While it might be tempting to accept T.A.'s invitation to consider the good-policy sense that applying the rule to juvenile adjudications would make, we are restrained from adding words to the rule or any meaning that is not evinced by the plain language of the rule. For this reason, we apply the rule as written.

**{¶ 18}** T.A. concedes that App.R. 26(B) "does not explicitly mention juveniles in its text," but he argues that failing to interpret the rule as applying to juvenile adjudications violates his due-process and equal-protection rights. That argument, however, assumes that T.A. is without any recourse by which to raise a claim that his appellate counsel was ineffective if he cannot do so through App.R. 26(B). But we do not read App.R. 26(B) as supplanting *Murnahan* as a whole. Although App.R. 26(B) does not apply to T.A.'s appeal, he may avail himself of the pre-rule procedures described in *Murnahan*.

**{¶ 19}** The time for T.A. to seek reconsideration of the court of appeals' judgment in his direct appeal and the time for T.A. to file a direct appeal from that judgment to this court has expired, which leaves T.A. the option of pursuing a delayed claim of ineffective assistance of appellate counsel through an application for delayed reconsideration in the court of appeals in which the alleged error took place. *See Murnahan*, 63 Ohio St.3d 60, 584 N.E.2d 1204, at paragraph three of the syllabus. If he does so and the court of appeals denies the motion for delayed reconsideration, T.A. may seek a delayed appeal in this court. *Id.*

{¶ 20} In practice, courts of appeals should not be indifferent to the substance of such claims based on the form in which they are presented.[1] As this court explained in *Davis*, 119 Ohio St.3d 422, 2008-Ohio-4608, 894 N.E.2d 1221, "*Murnahan* softened the effect that res judicata would have in a delayed appeal," *id.* at ¶ 10, and "evinced a preference against purely procedural dismissals" because "*Murnahan* sought to balance a just application of res judicata against the merits of a defendant's claim of ineffective assistance of appellate counsel," *id.* at ¶ 12. In *Murnahan*, this court explained, "[W]here the circumstances render the application of res judicata unjust," the claim can proceed. *Id.* at 66. And we explained that "[b]efore granting reconsideration, the court of appeals should determine whether there are substantive grounds for relief." *Id.* But this court in *Murnahan* did not contemplate the dismissal on purely res judicata grounds of a delayed appeal filed by an appellant in a juvenile case merely because the juvenile did not raise the claim of ineffective assistance of appellate counsel within the time provided for seeking reconsideration or a direct appeal to this court.

{¶ 21} Finally, there is no disagreement between the parties that App.R. 26(B) *should* be amended so that it applies to appeals from juvenile adjudications. There is no practical or substantive difference between appeals by adults from their criminal convictions and appeals by juveniles from their

---

1. T.A.'s counsel asserted during oral argument that courts of appeals have dismissed applications for delayed reconsideration under circumstances like those involved here because they were not filed under App.R. 26(B). Although counsel has not provided this court with a specific example of such an occurrence, we nonetheless take notice of the concern regarding such rulings and emphasize that this decision should be read as making clear to the courts of appeals that because App.R. 26(B) is not a permissible means to reopen a direct appeal from a juvenile adjudication based on a claim of ineffective assistance of appellate counsel, the failure to file an App.R. 26(B) application to present such a claim is not a procedural bar to a court of appeals' consideration of the merits of such a claim brought through a motion for delayed reconsideration. We also note the state's representation in its brief that "[i]t is the State of Ohio's position that ineffective assistance of appellate counsel can be raised by juveniles outside of App.R. 26(B) in the other ways that *Murnahan* describes." Thus, the state suggests that it would not object on procedural grounds to an application for delayed reconsideration of a court of appeals' direct-appeal decision filed by a juvenile offender who seeks to present a claim of ineffective assistance of appellate counsel.

delinquency adjudications that may justify the procedures within App.R. 26(B) not applying to appeals from juvenile adjudications.

{¶ 22} "While we continue to characterize juvenile proceedings as civil rather than criminal in nature, [*Hand*], 149 Ohio St.3d 94, 2016-Ohio-5504, 73 N.E.3d 448, [at] ¶ 15, citing [*In re*] *Anderson*, 92 Ohio St.3d [63, 65], 748 N.E.2d 67 [(2001)], and *In re C.S.*, 115 Ohio St.3d 267, 2007-Ohio-4919, 874 N.E.2d 1177, ¶ 40, the criminal aspect of delinquency proceedings is undeniable." *State v. Morgan*, 153 Ohio St.3d 196, 2017-Ohio-7565, 103 N.E.3d 784, ¶ 48. "Our jurisprudence requires that protections afforded adult criminal defendants, when appropriate, be extended to juveniles who stand in equal jeopardy of having their liberties taken." *Id.* at ¶ 49. Thus, the civil nature of juvenile-delinquency proceedings is not a reason to withhold from juvenile offenders the ability to argue that they did not receive effective assistance of appellate counsel, a right to which they are constitutionally entitled.

{¶ 23} In light of the foregoing, and as the Ninth District requested, we recommend that the Commission on the Rules of Practice and Procedure review the issue discussed herein for a possible rule amendment.

## CONCLUSION

{¶ 24} For the foregoing reasons, we answer the certified question in the negative and affirm the judgment of the Ninth District Court of Appeals.

Judgment affirmed.

DEWINE, DONNELLY, STEWART, and BRUNNER, JJ., concur.

KENNEDY, J., dissents, with an opinion joined by FISCHER, J.

FISCHER, J., dissents, with an opinion.

_____

**KENNEDY, J., dissenting.**

{¶ 25} Because the Ninth District Court of Appeals' order certifying a conflict in this case does not point to any judgment by another court of appeals with

which its judgment conflicts on the same question of law, I dissent and would dismiss the matter as having been improvidently certified.

{¶ 26} Article IV, Section 3(B)(4) of the Ohio Constitution provides that "[w]henever the judges of a court of appeals find that a judgment upon which they have agreed is in conflict with a judgment pronounced upon the same question by any other court of appeals of the state, the judges shall certify the record of the case to the supreme court for review and final determination." In construing this language, we have explained that "there must be an actual conflict between appellate judicial districts on a rule of law before certification of a case to [this court] for review and final determination is proper." *Whitelock v. Gilbane Bldg. Co.*, 66 Ohio St.3d 594, 613 N.E.2d 1032 (1993), paragraph one of the syllabus. We will therefore dismiss a certified-conflict case when, upon review, we discover that the matter is not properly before us because no actual conflict on a rule of law exists. *See, e.g.*, *State v. Pettus*, 163 Ohio St.3d 55, 2020-Ohio-4836, 168 N.E.3d 406, ¶ 6.

{¶ 27} There is no conflict between the Ninth District's judgment below and the Sixth District Court of Appeals' judgment in *In re L.N.*, 6th Dist. Wood No. WD-16-043, 2017-Ohio-9062, the case cited by the Ninth District as being in conflict with its judgment. In *L.N.*, the appellant, whose adjudication of delinquency had been affirmed on direct appeal, timely filed an App.R. 26(B) application to reopen the appeal, arguing that his appellate counsel had been ineffective for failing to file a complete record for the appellate court's review. *Id.* at ¶ 1, 7, 12. The Sixth District granted the application. *Id.* at ¶ 14, 16. However, the appellate court did not analyze the issue whether a person adjudicated a juvenile delinquent may reopen his or her direct appeal from the adjudication based on a claim of ineffective assistance of appellate counsel under App.R. 26(B). *See id.* at ¶ 12-15. Also, nothing in *L.N.* indicates that that issue was raised or argued by the parties. Therefore, there is no "actual conflict * * * on a rule of law," *Whitelock* at

paragraph one of the syllabus, between the Ninth District's judgment in this case and the Sixth District's judgment in *L.N.*

{¶ 28} Because a conflict between the judgments of different appellate districts on the same rule of law is required before a conflict may be certified to this court, the question certified by the Ninth District is not properly before us. For that reason, I would dismiss this matter as having been improvidently certified. Because the majority does not, I dissent.

FISCHER, J., concurs in the foregoing opinion.

_____

**FISCHER, J., dissenting.**

{¶ 29} I agree fully with the analysis in the first dissenting opinion. For the reasons set forth in that opinion and based on the analysis in my dissent in *State v. Maddox*, ___ Ohio St.3d ___, 2022-Ohio-764, ___ N.E.3d ___, ¶ 31 (Fischer, J., dissenting), I join the first dissenting opinion.

_____

S. Forrest Thompson, Medina County Prosecuting Attorney, and Vincent V. Vigluicci, Assistant Prosecuting Attorney, for appellee.

Timothy Young, Ohio Public Defender, and Timothy B. Hackett, Assistant Public Defender, for appellant.

_____